Trammell v. Trammell.

TRAMMELL V. TRAMMELL, ET AL.

Where the defendant in a suit in which a sequestration was issued, replevied the property, and judgment was rendered against him and his sureties in the replevy bond, and the principal alone appealed, giving the sureties in the replevy bond as sureties also in the appeal bond, which was approved by the Clerk, a motion to dismiss the appeal on the ground that the sureties in the replevy bond, against whom judgment was rendered, could not be sufficient sureties in the appeal bond, was overruled.

Appeal from Gonzales. Action by the appellees against the appellant for the recovery of certain slaves. Sequestration—delivery bond by the defendant; judgment for the plaintiffs against the defendant and his sureties. Appeal by the defendant alone, with the sureties in the delivery bond, as sureties in

the appeal bond, and one other. Approved by the Clerk. Motion to dismiss the appeal on the ground that the appeal bond was insufficient, because the sureties in the delivery bond, against whom the judgment was also rendered, were sureties in the appeal bond, and there were not other sufficient sureties.

*A. N. Mills*, for appellant.

*Shropshire* and *Tevis*, for appellees.

WHEELER, J. This is a motion to dismiss the appeal, on the ground that there is no sufficient appeal bond, as required by the Statute; and the question is, has the appellant complied with the provision of the Statute, which requires the party appealing to give bond with two or more sureties, to be approved by the Clerk. (Hart. Dig. Art. 789.) It cannot be questioned that he has, unless the sureties in the bond for the forthcoming of the property, are incapacitated by the judgment against them upon that bond, from becoming sureties upon this appeal. It is to be observed that none but the principal, who alone is primarily liable, has appealed. And repeated decisions of this Court have settled that his appeal is not the appeal of the sureties. They cannot assign errors upon his appeal; nor can he assign errors in the judgment against the sureties, (Hendrick v. Cannon, 5 Tex. R. 248; Cheatham v. Riddle, 8 Id. R. 162, 166,) although the reversal of the judgment as to the principal would operate, in a case like the present, to defeat that against the sureties, it being an alternative judgment, depending upon the judgment against the principal; yet, though the judgment be affirmed upon the appeal of the principal, it will not conclude the sureties, but they may still prosecute their writ of error within the time prescribed by law, and if the judgment be erroneous as to them, it will be, in so far, reversed. (Id.; Sartine v. Hamilton, 12 Id. 219.) Where judgment was affirmed on the appeal of the principal, and af-

terwards, at the last Term at Tyler, on writ of error by his sureties in the replevy bond, it was reversed as to them. (14 Tex. R. 348.) It is thus settled, beyond a question, that the sureties in the forthcoming bond are not parties to this appeal. Not being principal appellants, what is there to prevent their becoming sureties in the appeal bond? The case is different from that where the party who signs as surety in the appeal bond is a party primarily liable in the judgment, and is consequently a principal appellant. Hence, it is clear, he cannot occupy the double attitude of principal and surety in the same appeal. But the bond is not the less binding and obligatory upon the sureties, in consequence of their being sureties on the replevy or forthcoming bond. If they are men of sufficient substance—and that they are is attested and adjudicated by the approval of the bond by the Clerk, and is not questioned— why is not the bond, signed by them as sureties, as valid and effectual, to all intents and purposes, as an appeal bond, as if it had been signed by any other persons as sureties. And the sole question upon this motion to dismiss is, whether the present is a sufficient appeal bond. Were the persons who have signed as sureties able to contract in that capacity? have they contracted? and are they persons of sufficient substance? If to these several questions there is an affirmative answer, as we think there must be, we see no cause to doubt that the bond is sufficient. The question is not, whether the appeal bond will give any additional security; but whether it gives sufficient security; that is, whether the sureties are men of sufficient substance or ability to respond to the judgment which may be rendered by this Court; and of this, it was for the Clerk who approved the bond to judge. But it may be an additional security, in the event the judgment should be reversed as to the sureties only, upon a writ of error hereafter prosecuted by them. That, however, is not material to the present inquiry, which is, has the appellant given an appeal bond with two or more sureties approved by the Clerk, as the Statute prescribes?

If he has, the law is complied with, and the appeal is perfected so as. to give this Court jurisdiction. And having acquired jurisdiction by the giving of a sufficient appeal bond in the terms of the law, we are bound to entertain the appeal. We are of opinion, therefore, that the motion to dismiss be refused.

Motion overruled.