## W. A. SAYLOR v. M. MARX.

(Case No. 1193.)

1. APPEAL BOND — JURISDICTION.— An appeal bond, executed by plaintiff in the court below, which has been approved by the district clerk, the sureties on which were sureties on plaintiff's bond for costs, is sufficient to give the court jurisdiction in a case where the objection is waived by the failure of appellee to set it up in his motion within the time prescribed by the rules of court. Rules of Supreme Court, 8 and 9.

2. CASE DISCUSSED.— Daniels v. Larendon, 49 Tex., 219, discussed.

3. CASE DISTINGUISHED.— This case distinguished from Labadie v. Dean, 47 Tex., 90.

[The destruction of the record and papers by fire at Galveston during the term of that court of 1882, renders it impossible to do more than give the opinion in this case, which was decided at a former term.]

GOULD, ASSOCIATE JUSTICE.— By motion filed in due time appellee sought to have this case dismissed for alleged irregularities and insufficiencies in the transcript, the certificate thereto and the brief of appellant, and for alleged insufficiency in the amount of the appeal bond. The various grounds of dismissal set up in that motion were held insufficient in an oral opinion delivered by the chief justice; but because the court discovered, in examining the motion, that John F. Brackenridge and John M. Swisher were sureties on the bond for costs given by plaintiff in the court below; that the judgment given against plaintiff that he take nothing by his suit for costs; further, that they were the only sureties on the appeal bond given by plaintiff,— it was held that there was no sufficient bond to give this court jurisdiction, and the case was for that reason dismissed. This action of the court was merely based on the authority of Daniels v. Larendon and Labadie v. Dean, and on the part of the writer, at least, was acquiesced in as a rule of practice, without fully appreciating the importance of the jurisdictional question involved. That order of dismissal was

subsequently set aside by the court on its own motion, and, after a careful re-examination of the subject, a majority of the court have reached the conclusion that the bond was sufficient to give the court jurisdiction of the case; the ground of objection being waived by the failure of appellee to set it up in his motion within the time prescribed by the rules. Rules of Supreme Court, 8 and 9.

It must be conceded that this conclusion is in conflict with what is said by the court in Daniels v. Larendon, to the effect that the judgment below having been for costs against the plaintiff and her sureties on her injunction bond, an appeal bond signed only by the plaintiff and the same sureties would not sustain an appeal. 49 Tex., 219. That case had been dismissed for want of prosecution, and the question arose on a motion to reinstate. It is to be noted that the court appears to have been satisfied on other grounds that the motion to reinstate should be overruled; and what is said on the subject of the bond seems intended rather to strengthen a conclusion already reached than to be itself the ground upon which that conclusion was placed.

Moreover, the opinion on the fatal insufficiency of the bond is expressly based on the authority of Labadie v. Dean, a case which we now think different in its facts, and which therefore did not involve the same question. 47 Tex., 90. In that case a number of parties united in enjoining the collection of a tax, and judgment having gone against them in the district court, they prosecuted a joint appeal, and gave an appeal bond signed only by themselves, without any sureties whatever. Evidently that case may stand on the ground on which the opinion places it, that the individual obligation of appellants is not an appeal bond in the sense of the statute, which required two or more sureties; and yet the appeal bond in Daniels v. Larendon and in the present case might

each be good.   The sureties here were not parties plaintiff, and they have not appealed.   It cannot be said that the appellants gave only their individual obligation.   The case of Labadie v. Dean is not questioned, but it is not believed to be authority for the opinion expressed in Daniels v. Larendon, nor for the dismissal of the case now before us.

A well considered case, more directly in point than any other in this state, is Trammell v. Trammell, 15 Tex., 291.   That was a case in which there was judgment against the defendant in a sequestration suit, and against his sureties on a delivery or forthcoming bond; not merely a judgment for costs, but a general judgment.   The defendant alone appealed, and the same sureties became also sureties on his bond for appeal.   It was held in the opinion, that, not being principal appellants, the sureties occupied no double attitude, and were not incapacitated from becoming sureties on the appeal bond; and it was said in the opinion, that the question is not whether the appeal bond will give an additional security, but whether it gives sufficient security.   In that case the objection to the bond was made by motion, and the court in effect held the bond not merely sufficient to perfect the appeal, but in no wise objectionable.   As an authority it goes further than is necessary for the case before us, and yet it is not perceived that it in any respect conflicts with the case of Labadie v. Dean.

No case has been cited by counsel, from the decisions in this state or elsewhere, where the court has of its own motion dismissed the case, the bond being similar to the one under consideration.   See Davis v. McCampbell, 37 Mo., 609; Eufala Ins. Co. v. Plant, 36 Geo., 623; Cimeon v. Dannerheisen, 18 La. Ann., 659, cited by appellee. In McGarrah v. Burney (4 Tex.), the objection was made by motion, and it would seem that the judgment in the district court was against both parties, not merely for

costs, but generally, and the action of the court in dismissing the case is placed on a misdescription of the judgment, as well as the insufficiency of the surety. There has always been a well-defined distinction between objection to bonds which may be waived and which are waived if not taken in time, and those which are fatal to the jurisdiction whether waived by the parties or not. In the opinion of the court there was in the present case an appeal bond with sureties, which, having been approved by the district clerk, and not having been objected to in time by appellee; was sufficient to perfect the appeal and give this court jurisdiction of the case.

It is not proposed to extend this opinion by discussing the grounds on which the original motion to dismiss was based, or the formed objection to the bond made for the first time in argument. The motion to dismiss is overruled.

MOTION OVERRULED.