HEIDENHEIMER BROS. v. LANE BLEDSOE.

(No. 2652, R. Book No. 4, p. 328.)

APPEAL from Wilson County.   Opinion by WILLSON, J.

§ 316. *Appeal bond from justice's court; conditions of.* Where, upon appeal from justice's to the county court, the appeal bond was conditioned that appellant "shall prosecute his appeal to effect, and shall pay off and satisfy the judgment which may be rendered against him on such appeal *in the county court,*" and it was objected that the words "in the county court" limited the liability of the sureties upon the bond, and rendered it insufficient, *held,* that it was not apparent that the addition of these words in any manner affected the liability of the sureties. Whatever judgment might or could be rendered in the county court would be the judgment of that court, and within the condition of the bond, and we fail to perceive the force of the objection.

§ 317. *Appeal bond where one surety was surety on claim bond, and against whom judgment had been rendered in justice's court.* Where it was objected to the appeal bond that one of the sureties (there being but two) had been surety on the claim bond, and that the judgment of the justice's court was rendered against him, and therefore he could not legally be considered a surety, *held,* .that whilst the objection would to all appearances be fully sustained by the decisions of the supreme court in McGarrah v. Burney, 4 Tex. 287; Labadie v. Dean, 47 Tex. 90, and Daniels v. Larendon, 49 Tex. 216, yet we find other decisions of the same court, which, to our understanding, hold a contrary doctrine; as, for in-

stance, in Trammell v. Trammell, 15 Tex. 291, and Saylor
v. Marx, 56 Tex. 90. In Saylor v. Marx, Trammell v.
Trammell is commented upon and approved, whilst the
other cases cited above are discussed but not directly
overruled. In Saylor v. Marx, the question arose upon an
appeal bond which had been signed by appellant's sure-
ties upon his costs bond in the court below, and against
whom a judgment for costs had been rendered. It was
held as follows: "In the opinion of the court there was
in the present case an appeal bond, with sureties, which,
having been approved by the district clerk, was sufficient
to perfect the appeal and give this court jurisdiction."
It is not stated what would have been the ruling had the
bond been objected to in time. But we are led to con-
clude, from the reasoning of the opinion, that the bond
would have been held sufficient under any circumstances,
under the authority of Trammell v. Trammell, because
in that case objections to the bond were made in time
and in proper manner, and yet the bond was sustained.
Believing that the cases of Trammell v. Trammell and
Saylor v. Marx, which contain the last expressions of our
supreme court upon this subject, sustain the sufficiency
of the appeal bond objected to in this case, we shall hold
that the county court did not err in overruling appellant's
motion to quash it.

§ 318. *Continuance; how application for is considered
in county court where one continuance was had in jus-
tice's court before appeal.* On application for continu-
ance in county court, previous continuances had in
justice's court before appeal will be considered in deter-
mining its sufficiency, because the case is still the same
case, the only effect of the appeal being to remove the
case to another forum for a trial *de novo.*

§ 319. *Trial of the right of property; evidence of fraud.*
On the trial of the right of property, where the plaintiff
proposed to show fraud on part of defendant in claiming
the property, which evidence the court refused to allow,
*held* error. Under an issue on the trial of the right of

property, the greatest latitude of proof must necessarily be admitted. A case directly in point is Linn v. Wright, 18 Tex. 317.

May 16, 1883.　　　　　　　Reversed and remanded.