Opinion by
Will-son, J.
§ 778. Appeal bond from justice's court; competency of sureties on; case stated. Word and wife sued Neither in justice’s court, and sued out a writ of sequestration in the suit, which was levied upon his property. He pleaded in reconvention for damages because of the wrongful suing out of the writ. On the trial he recovered judgment for $80 damages and costs against Word and wife and the sureties on their sequestration bond. Word and wife appealed to the county court, but their sureties did not join in said appeal, but signed the appeal bond of Word' and wife as sureties, and were the only sureties upon said bond. In the county court, upon motion of Neither, the appeal was dismissed upon the ground that the sureties upon the appeal bond were incompetent as such. Held: In Heidenheimer Bros. v. Bledsoe [W. & W. Con. Rep. § 316], a similar question came before this court, and in passing upon it the previous decisions of our supreme court upon like questions were reviewed, and the conclusion reached that the cases of Trammell v. Trammell, 15 Tex. 291, and Saylor v. Marx, 56 Tex. 90, settled the rule to be, that sureties upon a claim bond, or a cost bond, or a replevy bond, who do not join in the appeal, although judgment may have been rendered against them as such sureties, are nevertheless competent sureties upon an appeal bond given by the principal in such judgment. We think the same rule applies to sureties on a sequestration bond. Appellee contends that, in the case of sequestration, the sureties upon the sequestration bond are primarily liable for the judgment, whereas, in the case of a claim or replevy bond, their liability is not primary, and that the case of Trammell v. Trammell, supra, draws this distinction. We concede the force of *683 this argument, but it seems to us to be answered by Saylor v. Marx, supra, which was a case where the sureties were primarily liable to the extent of the costs, they being sureties upon the cost bond, and the judgment being against them as such, for the costs. We think the appeal bond was sufficient, and that the court erred in -dismissing the appeal.
May 13, 1885.
Reversed and remanded.