H. H. LEWELLYN ET AL. v. R. J. ELLIS.

Decided April 29, 1908.

**1.—Appeal Bond—Waiver.**

A bond given on appeal from Justice Court which does not specify any sum in which the appellants are bound for the performance of its conditions is fatally defective, and the defect is not waived by the failure of plaintiff, the appellee, to raise the question at the first term, where it was continued by the defendant.

**2.—Same—Amendment.**

An amended appeal bond given by two defendants is not insufficient though a third defendant, not interested adversely to them, but who had signed the defective bond, did not join in and was not made a party to the amended one.

Appeal from the County Court of Falls County. Tried below before Hon. D. H. Boyles.

*Nat. Lewellyn,* for appellants.—The court erred in refusing to allow defendants to file an appeal bond conditioned as required by law. Laws, 1905, p. 224; Slayton v. Horsey, 97 Texas, 341.

If there is any defect in appeal bond, it should be taken advantage of as soon as the bond is filed in County Court. Horton v. Bovine, 19 Texas, 280; Evans v. Prigg, 28 Texas, 590; Franklin v. Tiernan, 56 Texas, 623; Futch v. Palmer, 32 S. W., 569.

*Z. I. Harlan,* and *J. W. Spivey,* for appellee.—A bond on appeal from Justice Court must be in double the amount of the judgment appealed from; and the action of the court in quashing the bond in this case, because not in said amount, and not in any amount at all, was not error. Rev. Stats., art. 1670; Munzesheimer v. Wickham, 74 Texas, 638; Colorado v. Delaney, 54 Texas, 280; Pace v. Webb, 79 Texas, 314; Yarbrough v. Collins, 91 Texas, 309.

The three defendants having appealed jointly from a Justice Court judgment against them, and the interest of two of the defendants being adverse to the third, and their joint appeal bond having been quashed, the two of such defendants could not remain in County Court on an amended appeal bond which made no disposition of their co-defendant; and the court therefore did not err in refusing to permit such two defendants to proceed with their appeal upon the bond tendered.

KEY, ASSOCIATE JUSTICE.—This suit originated in a Justice of the Peace Court and was appealed to the County Court. The transcript reached the latter court March 22, 1906. Thereafter the case was continued by the defendants, who had appealed it from the Justice's Court, at each term until the April term, 1907. At that time the case was called for trial and the plaintiff, after announcing ready for trial, filed

and presented a motion to dismiss the appeal upon the ground that the appeal bond did not obligate the makers thereof to pay any sum. That motion was sustained, whereupon two of the three defendants who were attempting to appeal executed and tendered another appeal bond, payable to the plaintiff and sufficient in all respects except that it was not executed by or on behalf of one of the defendants, and he was not named as a payee therein. The trial court held that the latter bond was insufficient and dismissed the appeal.

There are two assignments of error, one charging that the trial court erred in sustaining the motion to quash the appeal bond, and the other that error was committed in refusing to allow the defendants to file the new bond that was tendered. We overrule the first and sustain the second assignment. The first bond did not obligate the parties appealing or their sureties to pay any sum, and for that reason it was fundamentally defective. While it is true that the case had been pending in the County Court a little over one year, we do not think appellee should be held to have waived the defect in the appeal bond. It is not shown that he was responsible for the case remaining in the County Court for that length of time. The record shows that it was continued at each term by the defendants. Furthermore, the defect in the bond was so radical and fundamental that we doubt if appellee had the power to waive it.

The second bond was tendered under the Act of the 29th Legislature, which provides: "When an appeal has been or shall be taken from the judgment of any of the courts of this State by filing a bond or entering into a recognizance within the time prescribed by law in such cases, and it shall be determined by the court to which appeal is taken that such bond or recognizance is defective in form or substance, such Appellate Court may allow the appellant to amend such bond or recognizance by filing a new bond on such terms as the court may prescribe."

We think that Act should be liberally construed in order to accomplish what was intended by the Legislature. The record affirmatively shows that the defendant who was not made a party to the new bond was not present at the trial and was not represented. He was not an adverse party to the two defendants who tendered the appeal bond, the judgment being against all three of them, and therefore it was not necessary that the bond should be made payable to him. (Slayton v. Horsey, 97 Texas, 341, and 79 S. W., 1086.)

Hence we hold that the trial court committed error in not allowing the new bond to be filed, and in dismissing the appeal, for which error the judgment will be reversed and the cause remanded.

*Reversed and remanded.*

Associate Justice Rice did not sit in this case.

On motion of appellee the question whether the trial court erred in refusing to accept the amended appeal bond and dismissing the case was certified to the Supreme Court, and the ruling of the Court of Civil Appeals thereon was sustained. Lewellyn v. Ellis, 102 Texas, 297.