OLIVER et al. v. LONE STAR COTTON JAMMERS' & LONGSHOREMEN'S ASS'N.

(Court of Civil Appeals of Texas.    March 11, 1911.)

1. APPEAL AND ERROR (§ 390*)—APPEAL BOND —AMENDMENT.

Laws 1905, c. 115, authorizing the amendment of appeal bonds defective in form or substance, permits the amendment of any bond, however defective, provided it purports to be an obligation to indemnify appellee against loss by the appeal, and attempts to comply with the statute, and an instrument purporting to be an appeal bond, but being defective because plaintiff's name and the style of the cause is different from that contained in the judgment and pleadings, because the number of the case is different from the number given in the bond, because the judgment was against additional defendants than those named in the bond, and because it is not payable to a party to the judgment, could be amended so as to cure such defects.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2077–2088; Dec. Dig. § 390.*]

2. APPEAL AND ERROR (§· 390*) — APPEAL BOND — AMENDMENT — STATUTE—APPLICATION.

Since Laws 1905, c. 115, effective immediately, authorizing amendments to appeal bonds, apply to appeals from the judgment of "any of the courts of this state," the fact that the emergency requiring the act to become effective immediately is stated to be the want of authority under existing law to amend defective appeal bonds and recognizances in criminal cases does not prevent it from applying to all appeals.

[Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 390.*]

3. APPEAL AND ERROR (§ 392*)—WAIVER OF OBJECTIONS.

Under Court of Civil Appeals Rule 8 (67 S. W. xiv), requiring all motions relating to informalities in bringing a case into court to be filed and docketed at least 48 hours before the submission in the appellate court, and providing that the objection shall be otherwise considered as waived if it can be waived, an objection to an appeal bond for insufficiency of the surety thereon, and because he was also surety on appellant's replevin bond in the same case, was waived where the motion to dismiss the appeal on such ground was not filed within the prescribed time.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2089–2094; Dec. Dig. § 392.*]

4. APPEAL AND ERROR (§ 801*) — BOND — DEFECTS—DISMISSAL—SOLVENCY OF SURETY.

The Court of Civil Appeals cannot determine the solvency of a surety upon an appeal bond, in order to dismiss the appeal on the ground that the surety is insolvent.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 3161–3166; Dec. Dig. § 801.*]

5. APPEAL AND ERROR (§ 380*)—APPEAL BOND —QUALIFICATION OF SURETY.

The fact that a surety on an appeal bond given on appeal to the Court of Civil Appeals is also bound by a judgment of the justice's court, where the case originated against him as surety on a replevin bond, did not disqualify him as surety upon the appeal bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2023–2028; Dec. Dig. § 380.*]

Appeal from Galveston County Court; Geo. E. Mann, Judge.

Action by the Lone Star Cotton Jammers' & Longshoremen's Association against P. B. Oliver and another. From a judgment of the county court dismissing defendants' appeal from a justice's judgment, they appeal. Reversed and remanded.

W. F. Kelly and Jos. Cuney, for appellants. James B. & Charles J. Stubbs, for appellee.

PLEASANTS, C. J.    This suit was instituted in the justice court for precinct No. 1 of Galveston county. The trial in that court resulted in a judgment in favor of appellee against appellants and the sureties on their replevy bond (a distress warrant having been sued out by plaintiff, appellee herein, and levied upon a stock of goods belonging to defendants, appellants herein, and which was replevied by appellants) for the sum of $175.

In due time appellants filed the following appeal bond which was approved by the justice, and the transcript of the case sent up and filed in the county court of Galveston county: "The Lone Star Longshoremen's Cotton Jammers' Ass'n of Texas v. P. B. Oliver and W. H. Young. No. ———. In Justice Court, Precinct No. 1, of Galveston County, Texas. October Term, 1909. Know all men by these presents that whereas on the 19th day of October, A. D. 1909, the Lone Star Longshoremen and Cotton Jammers' Association of Texas, a corporation, recovered before R. H. Barry, a justice of the peace, in and for Precinct No. 1 of Galveston county, Texas, against the defendants, P. B. Oliver and W. H. Young, a judgment for the sum of $175.00 and costs of suit, from which judgment said defendants have appealed to the county court of said county. Now therefore, we the said P. B. Oliver and W. H. Young, as principals, and ——— and ——— as sureties, acknowledge ourselves bound to pay to the said Lone Star Cotton Jammers' & Longshoremen's Association of Texas, the sum of $400.00, conditioned that if the said P. B. Oliver and W. H. Young will well and truly prosecute the appeal to effect and pay off

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

the judgment that may be rendered against them on this appeal, then this obligation is to become void, otherwise to remain in full force. Witness our hands this the 28th day of October, A. D. 1909. P. B. Oliver. W. H. Young.   J. J. Norton.   John Rigg, Jr. Joseph Cuney."

When the cause was called for trial in the county court, appellee presented the following motion to dismiss the appeal: "Lone Star Cotton Jammers' & Longshoremen's Association of Texas v. P. B. Oliver and W. H. Young.   No. 10,252.   In County Court of Galveston County.   Jan. Term, A. D. 1910. Now comes the plaintiff in the above numbered and entitled cause and moves the court to dismiss the appeal from the lower court for the following reasons: (1) The appeal bond is not as required by statute. (a) The name of the plaintiff, as described in the appeal bond, and in the style of the cause and in the body of the bond, is different from plaintiff's name, as contained in the judgment of the court below and in plaintiff's pleadings. (b) The number of the cause tried in the justice court is #26569 and the appeal bond is numbered and filed in cause #26441. (c) The appeal bond does not correctly describe the judgment, the parties to the judgment, and the judgment of the lower court is against P. B. Oliver, W. H. Young, J. J. Norton and Will Westtrop, but the judgment described in the appeal bond is only against P. B. Oliver and W. H. Young. (d) The appeal bond does not include all parties to the judgment in the lower court and is not made payable to any party to the judgment in the lower court. (2) It does not appear that notice of appeal was given in the lower court. (3) The sureties on the bond, John Rigg, Jr., and Joseph Cuney, have nothing subject to execution and the alleged appeal bond is without two good and sufficient securities, as required by law.   Wherefore, plaintiff moves the court to dismiss this appeal for want of jurisdiction."

Appellants thereupon asked leave to amend their appeal bond. This request was refused, and the motion of appellee to dismiss the appeal was sustained, and the appeal dismissed. Appellants excepted to this order and gave notice of appeal. The order dismissing the appeal was made on January 28, 1910. On February 4, 1910, during the term of court at which the order of dismissal was made, appellants presented the following motion for reinstatement of the appeal: "Now comes the defendants P. B. Oliver and W. H. Young, in the above styled and numbered cause, and moves the court to set aside the order heretofore entered in this cause dismissing the appeal on account of certain alleged defects in the appeal bond, as shown by the motion of the plaintiff filed herein, and to allow the appellants to amend such bond by filing a good and sufficient appeal bond, conditioned as required by law,

which is tendered herewith, and prays that the court reinstate said cause on the docket of this court, that the same may be tried according to law." The appeal bond accompanying this motion was in proper form and contained none of the defects of the original bond, but it does not appear to have been approved by the justice. The sureties were the same as those upon the original, and no objection appears to have been made to this bond on the ground that it had not been approved by the justice.   Upon the hearing of the motion to reinstate, the trial court made the following order: "This day came on to be heard the motion of the defendants filed herein this date to set aside the order heretofore entered on January 29th dismissing their appeal and allow defendants to amend their appeal bond, and to reinstate said cause on the docket of this court. And, the court having heard the evidence and argument of counsel thereon and having fully considered the same, it is ordered, adjudged, and decreed by the court that said motion be and is overruled. To all of which ruling of the court the defendants except and in open court give notice of appeal."

The trial court erred in refusing to permit appellants to file a new appeal bond correcting the defects in the original bond, and in dismissing the appeal. It is unnecessary for us to decide whether the defects in the original bond were such as to render it void and incapable of amendment under the rule of decision which prevailed in this state prior to the passage of the act of 1905 providing for the amendment of appeal bonds.   Acts 1905, p. 224.

[1] This act authorizes the amendment of appeal bonds when they are defective either "in form or substance." This language is sufficiently broad to permit the amendment of any appeal bond, it matters not how defective it may be, provided it purports or evidences that it is intended to be an obligation to indemnify the appellee against the loss that he might sustain by reason of the appeal, and an attempt to comply with the statute regulating appeals. The instrument in question shows upon its face that by its execution appellants intended to bind themselves as required by the statute in order to perfect their appeal. It is, in fact, a bond, and under the liberal provisions of the statute above referred to it was sufficient to give the county court jurisdiction of the cause and to entitle plaintiff to the right to file a new bond to meet the defects pointed out in the motion to dismiss. Hugo v. Seffel, 92 Tex. 414, 49 S. W. 369; Williams v. Wiley, 96 Tex. 148, 71 S. W. 12; Lewellyn v. Ellis, 50 Tex. Civ. App. 453, 115 S. W. 84. The bond presented by the appellants with their motion for reinstatement was defective, in that it was not approved by the justice, but, as before said, this objection was not made to it in the court below, and it is clear from the record that the

order overruling the motion to reinstate was not based upon this defect in the bond, but upon the holding that appellants were not entitled to file a new bond curing the defects in the original bond.

[2] The act before mentioned applies to appeals from the judgment of "any of the courts of this state," and in the emergency clause expressly refers to appeals from the justice courts. In this clause the emergency is predicated upon the want of authority under the then existing law to amend defective appeal bonds and recognizances in criminal cases, but the fact that this is the alleged ground for a suspension of the rules requiring bills to be read on three several days, and for the provision that the law shall take effect from its passage, in no way restricts the general application of the act to appeals in all cases "from the judgment of any of the courts of this state." At a former day of this term we granted a motion filed by appellees to dismiss the appeal to this court because of defects in the appeal bond filed by appellants, unless appellants would within 10 days file a new bond conditioned as required by the statute. The new bond was filed within the time required by this order. On the day before the cause was set for submission, appellee filed a second motion to dismiss the appeal on the ground that the new bond filed by appellants was not signed by two good and sufficient sureties as required by the statute. In support of this motion, appellee presents certificates and affidavits showing that the surety John Rigg, Jr., has no property subject to execution sufficient to satisfy the judgment that may be rendered against appellant on this appeal, and since appears from the record that the surety J. J. Norton was surety upon appellant's replevy bond in the justice court, and the judgment of said court was against him as well as appellants, it is insisted in the motion that he is not a competent surety upon this appeal bond.

[3] Rule 8 for the Courts of Civil Appeals (67 S. W. xiv) requires all motions "relating to informalities in bringing a case into court" to be filed and docketed at least 48 hours before the submission in the appellate court, "otherwise the objection shall be considered as waived if it can be waived by the party." Under this rule, the objections to the appeal bond contained in said motion being such as could be waived must be regarded as waived because the motion was not filed within the time prescribed by the rule. Saylor v. Marx, 56 Tex. 90.

[4, 5] If we could consider the motion, it should not be sustained. This court cannot hear and determine the question of the solvency of the surety Rigg, and the fact that the surety Norton is already bound by the judgment of the justice court against him as surety on the replevy bond does not disqualify him as surety upon the appeal bond. Trammell v. Trammell, 15 Tex. 291; Saylor v. Marx, 56 Tex. 90; Samson v. Solinsky, 75 Tex. 663, 13 S. W. 67; Muenster v. Bank, 92 Tex. 425, 49 S. W. 362; Carter v. Forbes Company, 22 Tex. Civ. App. 373, 54 S. W. 926; McClelland v. Bernard, 36 Tex. Civ. App. 3, 80 S. W. 841.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.