### DILLARD v. WILSON et al.

(Court of Civil Appeals of Texas. April 8, 1911.)

1. APPEAL AND ERROR (§ 454*)—JURISDICTION OF APPELLATE COURT—EFFECT.

Under Rev. St. 1895, arts. 1402, 1410, the court on appeal acquires jurisdiction on the filing and approval of the appeal bond which may not be defeated by proving an agreement with appellant to obtain an additional surety on the appeal bond, which he failed to perform.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. § 2215; Dec. Dig. § 454.*]

2. APPEAL AND ERROR (§ 391*)—DEFECTS IN APPEAL BOND—JUDICIAL DETERMINATION.

Under Rev. St. 1895, art. 1025, and Laws 1905, c. 115, authorizing the court on appeal to allow an amendment to a defective appeal bond, etc., the Court of Civil Appeals alone has jurisdiction to determine whether appellant procured the filing and approval of his appeal bond on his agreement to procure an additional surety, which he failed to do, and the clerk of the trial court may not refuse to make out a transcript of the case on the ground that appellant failed to procure such surety.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2077–2088; Dec. Dig. § 391.*]

Mandamus by J. J. Dillard against J. A. Wilson and others in which third persons intervened. Writ granted.

W. F. Schenck, L. W. Dalton, Dillard & Moore, and Wm. J. Berne, for relator. W. H. Bledsoe and Bean & Klett, for respondents.

CONNER, C. J. This is an original proceeding by the relator, J. J. Dillard, for a writ of mandamus to require respondent J. A. Wilson, clerk of the district court of Lubbock county, to make out and forward to this

---

court a transcript of the proceedings in the case of First National Bank of Canyon v. relator, J. J. Dillard, tried in the district court of Lubbock county on the 2d day of December, 1910, wherein judgment was rendered for said bank against relator upon promissory notes aggregating $6,790.

It was alleged in relator's application that an appeal from said judgment had been duly prosecuted and perfected by giving certain bonds, which we need not here describe, and on a former day we caused to be issued notice to the respondents for a hearing of the application, at the same time directing a restraining order against respondent W. H. Flynn, sheriff of said Lubbock county, and other proper parties, to prevent the issuance or levy of an execution by virtue of the judgment. Upon the hearing appointed respondents duly answered, and we find that after the rendition of the judgment, as alleged by relator, and after two unsuccessful efforts on his part to procure respondent Wilson's approval of appeal bonds of due form, relator, · on the evening of the last day allowed by law for that purpose, presented for approval an appeal and supersedeas bond in terms and amount as required by law, which was forthwith filed and approved by said respondent Wilson, and that said respondent has hitherto failed and refused to make out and forward to this court a transcript of the proceedings in said case on the ground, as in substance stated by him in his answer herein, that the filing and approval of said bond was secured by relator's promise to obtain on the next day the additional signature of one Isham Tubbs, upon failure to do which the indorsements on the bond were to be erased and the bond withdrawn. It is charged in effect that relator acted fraudulently, in that, at the time of the presentation of the bond, he represented and promised that he could and would procure Tubbs as an additional surety when he did not so intend, and when he knew he could not do so; Tubbs having theretofore refused an application of relator's to so do. It is further charged that without Tubbs' signature the bond so filed and approved is insufficiently secured, and for that reason would have been rejected, save for relator's fraudulent representations and promises. Certain sureties on the bond mentioned have also appeared and seek to intervene herein, charging that their signatures had been procured by relator by means of certain false and fraudulent representations not necessary to set out.

Revised Statutes 1895, art. 1402, provides that when the bond prescribed by previous articles has been filed and previous requirements of the chapter complied with (which includes the approval by the clerk), "the appeal or writ of error, as the case may be, shall be held to be perfected." Article 1410 of the Revised Statutes provides that: "When an appeal or writ of error has been perfected, the clerk of the court shall, upon the application of either party, make out and deliver to him a transcript or record of the cause." In the absence of the facts set up in the respondent's answer, therefore, it was plainly the duty of the respondent Wilson to have made out and delivered a transcript of the proceedings in the case before referred to, as required by the statute. Can the clerk, then, refuse to perform this plain statutory duty on the ground invoked by him? We think not. The legal effect of his act in filing and approving the bond under consideration was to give this court eo instanti full jurisdiction, and that jurisdiction cannot be defeated by urging an agreement with relator that of itself was unauthorized by law. Moreover, relator in reply to respondent's answer in effect denied the fraudulent representations and promises proffered, and the respondent Wilson is not clothed by law with any power to determine this controversy. The question is necessarily a judicial one and must be determined by some judicial tribunal, and, as we think, under the circumstances above stated, by this court.

By an act of the Twenty-Ninth Legislature (see General Laws 1905, p. 224), it was provided that: "When an appeal has been or shall be taken from the judgment of any of the courts of this state by filing a bond or entering into a recognizance within the time prescribed by law in such cases, and it shall be determined by the court to which appeal is taken that such bond or recognizance is defective in form or substance, such appellate court may allow the appellant to amend such bond or recognizance by filing a new bond on such terms as the court may prescribe." Our jurisdiction, therefore, is no longer dependent upon a sufficient bond, but attaches at once upon the filing of the bond, whatever the defect may be. See Hugo v. Seffel, 92 Tex. 414, 49 S. W. 369; Williams v. Wiley, 96 Tex. 148, 71 S. W. 12. Revised Statutes, art. 1025, provides that: "When there is a defect of substance or form in any appeal or writ of error bond, on motion to dismiss the same for such defect, the court may allow the same to be amended by filing in the Court of Civil Appeals a new bond on such terms as the court may prescribe." In construing this article in the case last above cited, our Supreme Court, speaking through Justice Williams, say: "If that which is filed is a bond, though a defective one, and appears to be an attempt to comply with the statute regulating writs of error, the jurisdiction necessarily attaches, because the court is empowered to entertain the case, and permit the party to comply with the law." The article of the statute and the act of 1905 quoted from seem supplementary to each other, and what Justice Williams has said we think has direct application to the matter before us. It follows that this court, and not the clerk, has the power to determine the matters relied upon,

not only by him, but by the sureties seeking to intervene, which at most renders voidable only the supersedeas bond under consideration.

It is accordingly ordered that the writ of mandamus issue as prayed for by relator, and that the restraining order heretofore issued be continued until the further order of this court, to the end that the entire case may be brought before us, when we can the more readily and certainly dispose of the allegations of fraud now made, should it be deemed necessary or proper to do so ;· the application to intervene being denied without prejudice. Rodgers v. Alexander, 35 Tex. 117. It is further ordered that the regular court costs of this proceeding be taxed against respondent Wilson; all other costs prayed for being denied.