## DILLARD v. FIRST NAT. BANK OF CANYON.

(Court of Civil Appeals of Texas. Amarillo. Dec. 22, 1911. On Rehearing, Jan. 26, 1912.)

1. APPEAL AND ERROR (§ 468*)—APPEAL OR SUPERSEDEAS BOND—VALIDITY.
    Where a supersedeas bond was filed after the time during which it was required by law to be filed, and the record fails to show any order of court authorizing it to be filed and considered as an appeal bond, the bond is invalid as an appeal or supersedeas appeal bond.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 468.*]

On Rehearing.

2. APPEAL AND ERROR (§ 482*)—REHEARING—ON WHOSE APPLICATION.
    Where appellee joined in a motion by sureties to quash a supersedeas bond, which was granted, a rehearing of the motion will not be granted on appellee's application.
    [Ed. Note.—For other cases, see Appeal and Error, Dec. Dig. § 482.*]

3. APPEAL AND ERROR (§ 393*)—SUPERSEDEAS BOND—HOLDING VALID AS COST BOND.
    A bond purporting to be a supersedeas appeal bond cannot be held valid as an appeal cost bond in the court of Civil Appeals, the court having no power to reform the instrument.
    [Ed. Note.—For other cases, see Appeal and Error, Cent.Dig. §§ 2095, 2096; Dec.Dig. § 393.*]

4. APPEAL AND ERROR (§ 461*)—BOND—APPROVAL—NECESSITY.
    A bond filed as such cannot serve as a supersedeas bond, where it was not approved by the clerk of the trial court as a bond in the case.
    [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2235–2238; Dec. Dig. § 461.*]

5. COSTS (§ 260*)—APPEAL—FAILURE TO PERFECT.
    An appellant is liable for the costs of an attempted appeal which he fails to perfect.
    [Ed. Note.—For other cases, see Costs, Cent. Dig. § 985; Dec. Dig. § 260.*]

Appeal from District Court, Lubbock County; L. S. Kinder, Judge.

Action between J. J. Dillard and the First National Bank of Canyon. From the judgment, J. J. Dillard appeals. On motion to quash the supersedeas bond. Motion granted, and appeal ordered dismissed on rehearing.

Dillard & Moore, W. F. Schenck, and Wm. J. Berne, for appellant. Bean & Klett, for appellee. R. A. Sowder, for sureties.

GRAHAM, C. J. This cause is before us on a motion to hold the supersedeas appeal bond filed in the trial court on December 23, 1910, void for irregularities connected with its execution; the motion having been filed by the sureties on said bond and joined in by appellee, and submitted to this court at the time of the submission of the main cause. The motion is supported by the affidavits of the several sureties, which in our judgment shows grounds sufficient to require that we hold the bond void, especially as there are no controverting affidavits on file among the papers in the cause now before us.

[1] The record shows that another supersedeas bond was filed in the trial court of December 31, 1910, but as that bond was filed after the lapse of the time required by law for the filing of such bonds, and the record fails to show any order of court au-

thorizing it to be filed and considered as an appeal bond in this cause, the Court of Civil Appeals of the Second District having held in the case of Dillard v. Wilson, 137 S. W. 152, that the filing of the bond on December 23, 1910, conferred jurisdiction on that court in this case, we hold that the bond filed on December 31, 1910, was and is invalid as an appeal or supersedeas appeal bond in this cause. Acts 1905, p. 224.

Because there has been no valid and binding appeal bond or supersedeas bond filed in this cause within the time allowed by law, or under any order of court, this cause will be dismissed, unless as is provided in said act of 1905, above referred to, appellant file and cause to be approved in this court a new appeal or supersedeas appeal bond within 30 days from this date, and pay all costs which have accrued in the Court of Civil Appeals for the Second District, as well as the Seventh District, to date, of approval of such supersedeas appeal bond; and it is so ordered.

### On Rehearing.

This case is before us on a motion for rehearing filed by appellee, in which it is urged, in substance, that this court erred in its former opinion in not holding the bond filed in the court below on December 23, 1910, sufficient as an appeal cost bond; and in not holding the bond filed in the court below on December 31, 1910, sufficient as a supersedeas appeal bond, and in not limiting appellant's right to file a new bond in this court to a supersedeas appeal bond; and also in failing to adjudge all costs of appeal in the court of Civil Appeals for the Second Supreme Judicial District, as well as in this court, against appellant.

[2] A sufficient answer we think to the two grounds first mentioned is that the motion acted on by us in our former opinion prayed that both bonds be declared invalid, and that motion was expressly joined in by the appellee. Besides this, the affidavits attached to said motion show conclusively the invalidity of the bond filed on December 31, 1910, as well as the invalidity of the one filed on December 23, 1910.

[3] While the affidavits attached to the motion show sufficient evidence, if presented in a tribunal having power to reform and then enforce as reformed, to warrant such tribunal in holding said bonds valid as cost bonds only, as we understand the law, however, this court has no such power, and, so far as this court is concerned, said bonds must be either valid as supersedeas appeal bonds, as they purport to be, or invalid for any purpose, so far as the sureties are concerned.

[4] As to the bond filed below on December 31, 1910, we call attention to the fact that the indorsement of the clerk of the trial court thereon expressly shows that, while said paper was filed by him, it was not approved by him as a bond in the case, hence, if said instrument were valid in its execution, it could not serve as a supersedeas appeal bond in this cause, never having been approved as a bond in the cause.

There is an element of justice in appellee's contention that appellant should not at this late date be allowed to have the case passed on in this court on its merits by merely filing in this court an appeal cost bond and not a supersedeas appeal bond, after having delayed appellee in the issuance of an execution on its judgment as a result of having filed the bonds held void, but as the time allowed by this court in its former opinion within which a bond could be filed by appellant and approved in this court has elapsed, and no bond of any character has been filed in this court by appellant, no injury has been done appellee or can now result to appellee because of the matter complained of.

[5] While no mention was made in our former opinion as to costs incident to the attempted appeal in this cause, appellant, having attempted to perfect the appeal, and thus causing all costs incident thereto to accrue, is personally liable therefor.

The motion for rehearing will be in all things overruled. All costs incident to the attempted appeal in this cause incurred in the trial court, in the Court of Civil Appeals for the Second Supreme Judicial District, and in this court, will be taxed against the appellant personally, and the cause will be finally dismissed from this court because an appeal has not been properly perfected hereto; and it is so ordered.