### MENTESANA et al. v. WALL et al.
#### (No. 9336.)

(Court of Civil Appeals of Texas. Dallas. June 28, 1924.)

**1. Justices of the peace ☞159(7)—Appeal bond held void as not stating amount of judgment rendered.**

An appeal bond executed on appeal from justice court to county court *held* void as not stating amount of judgment rendered in justice court.

**2. Justices of the peace ☞191(1)—Judgment rendered by county court against obligors in defective appeal bond held void, court being without jurisdiction.**

Where bond on appeal from justice to county court was fundamentally defective in that it did not obligate the makers to pay any sum the county court did not acquire jurisdiction to render judgment, and the judgment it did render on bond was void.

**3. Justices of the peace ☞159(13)—Obligors on appeal bond could not waive fundamental defect therein so as to confer jurisdiction on county court.**

Where bond on appeal from justice to county court was defective in failing to obligate makers to pay any sum, the defect was one which the makers could not waive to confer jurisdiction on the county court notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 2104 (being Acts 29th Leg. [1905] c. 115), and the rendition of the judgment against the obligors on the bond rendered on such appeal did not cure the defect.

Appeal from Dallas County Court at Law; W. N. Coombes, Judge.

Suit by Paul Mentesana and others against W. E. Wall and others. From an order dis-solving temporary writ of injunction, petitioners appeal. Reversed, and temporary writ reinstated pending final disposition of cause before trial court.

Ballowe & King, of Dallas, for appellants.
Ashworth & French, of Dallas, for appellees.

VAUGHAN, J. Paul Mentesana and L. Tinerillo, appellants, brought this suit in the court below against W. E. Wall and Murray Fisher, constable of precinct No. 1, Dallas county, Tex., appellees, to temporarily and permanently enjoin the collection of a judgment rendered against the appellants and others not made parties thereto, and to enjoin the levy of an execution issued on said judgment in the hands of said Murray Fisher as constable.

Appellants alleged that said W. E. Wall, on the 19th day of April, 1923, recovered in the justice court No. 1 of precinct No. 1, Dallas county, Tex., a judgment in the sum of $78 and costs against C. E. Usselton, and that Usselton took an appeal to the county court at law No. 1, Dallas county, and executed, for the purpose of perfecting such appeal, a defective and void appeal bond in said justice court, and had the cause sent up to the county court on said bond; that the bondsmen on said appeal bond for Usselton were Paul Mentesana, L. Tinerillo, K. D. Dossy, F. L. Wiser, and E. W. Pringle, and that as against said Usselton and said sureties on his bond there was rendered, on the 13th day of December, 1923, in said county court on the hearing of such appeal, a judgment for the sum of $78 and costs amounting to $74.91, the collection of which they seek to enjoin. C. E. Usselton, K. D. Dossy, F. L. Wiser, and E. W. Pringle were not made parties to the suit. It was further alleged that time for appeal or writ of error had elapsed as an excuse for not appealing from the judgment sought to be enjoined, and that said cause was one over which said county court had final jurisdiction and appellants had no adequate remedy at law, and that, unless restrained, said constable would levy said execution upon the property of appellants, causing them irreparable injury.

[1] The amount involved as shown by transcript from the justice court was $83.50. Said appeal bond did not state the amount of the judgment rendered in the justice court, and did not obligate the makers thereof to pay any sum.

Appellants prayed that said judgment rendered against them be canceled and held for naught, for injunction restraining said constable from levying said execution, and that said appellee Wall be enjoined from further attempting in any manner to enforce said void judgment by execution or otherwise.

On the 21st day of March, 1924, appellants'

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

petition was presented to the judge of the trial court and an order entered by him on that date granting the temporary writ of injunction as prayed for.

On the 15th day of April, 1924, appellees' motion to dissolve said temporary writ of injunction was heard and an order entered granting same, from which order this appeal is prosecuted.

[2, 3] The appeal bond executed was fundamentally defective, in that same did not obligate the makers to pay any sum; therefore, said county court did not acquire jurisdiction to render judgment against the obligors in said bond. Lewellyn v. Ellis, 50 Tex. Civ. App. 453, 115 S. W. 84. The judgment rendered on the appeal attempted to be prosecuted by C. E. Usselton being void for want of jurisdiction on the part of the court rendering same, the trial court erred in dissolving the temporary writ of injunction. The fact that appellants did not raise any objection to the bond prior to the rendition of the judgment did not have the effect to vitalize same as a bond sufficient to confer jurisdiction on the trial court, which rested alone upon appeal being perfected from the judgment rendered by the justice court in the manner and form as required by law. In other words, the defect was one that appellants were not in position to waive so as to confer jurisdiction on said court. This, notwithstanding under the act of the Twenty-Ninth Legislature (Laws of 1905, p. 224, c. 115, now article 2104, V. S. T. C. S. 1914), the defects in the bond would have been removed and the appeal perfected had a new bond in compliance with the law been filed, which Usselton would have been required to execute through motion filed by appellee Wall to dismiss the appeal for want of proper bond, or the appeal so prosecuted would have been dismissed. Lewellyn v. Ellis, supra; Dillard v. First Natl. Bank of Canyon (Tex. Civ. App.) 143 S. W. 682; Oliver v. Lone Star Cotton Jammers Longshoremen's Ass'n (Tex. Civ. App.) 136 S. W. 508.

We therefore reverse the judgment of the court below dissolving said temporary writ of injunction and reinstate same pending the final disposition of this cause before the trial court.

Reversed and remanded.