KELLEY v. AUDRA LODGE NO. 438, FRATERNAL UNION OF AMERICA, et al. (No. 8156.)

(Court of Civil Appeals of Texas. Ft. Worth. April 10, 1915.)

1. BILLS AND NOTES ☞442 — PARTIES — AGREEMENTS TO SIGN NOTE.

Where a party promised to sign a note in renewal of one on which he was liable, but fraudulently failed to do so, the cause of action of the holder of the renewal note was not on the note but for the breach of the contract or promise to sign the note.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1286, 1294–1301, 1303, 1309; Dec. Dig. ☞442.]

2. BILLS AND NOTES ☞442 — PARTIES — AGREEMENTS TO SIGN NOTE.

In an action against K. and G. on a note given to renew a note for money loaned to G., on which K. was liable, where it was not claimed that K. signed the note sued on, and though it was claimed he promised to sign it, and fraudulently failed to do so, it was not shown that his promise was in writing, it did not appear that the surrender of the old note to G. prejudicially affected the payee, that G. was insolvent, or that, by means of the surrender of the old note, the debt had been lost, and the case was not tried as an action on the old note, the judgment against K. could not be sustained.

[Ed. Note.—For other cases, see Bills and Notes, Cent. Dig. §§ 1286, 1294–1301, 1303, 1309; Dec. Dig. ☞442.]

3. COURTS ☞247—DECISIONS REVIEWABLE—AMOUNT IN CONTROVERSY—JURISDICTION.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 1589, cl. 3, providing that the appellate jurisdiction of the Courts of Civil Appeals shall extend to civil cases of which the county court has appellate jurisdiction, when the judgment or amount in controversy, or the judgment rendered, shall exceed $100, exclusive of interest and costs, the Court of Civil Appeals has no jurisdiction of an appeal from a judgment of the county court, rendered on appeal from the justice court, in an action on a note for $100, containing no stipulation for the recovery of attorneys' fees.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 487, 749, 751–754, 757, 759, 760, 762–764; Dec. Dig. ☞247.]

Appeal from Taylor County Court; E. M. Overshiner, Judge.

Action by Audra Lodge No. 438, Fraternal Union of America, and others, against W. A. Kelley and another. From a judgment for plaintiffs, the defendant named appeals. Reversed and remanded as to the appealing defendant.

Ben L. Cox, of Abilene, and Tom Patterson, of Winters, for appellant. Cunningham & Sewell, of Abilene, and J. P. Cogdell, of Winters, for appellees.

CONNER, C. J. This suit was instituted in a justice court against I. L. Griffith and W. A. Kelley upon a promissory note in the principal sum of $110, with the usual stipulation for attorney's fees. The note was signed by I. L. Griffith alone, but it was alleged, in substance, that several years previous the lodge had loaned I. L. Griffith $100

---

in money, taking his note therefor, with a mortgage upon certain personal property; that later Griffith, desiring to have the personal property released, renewed the note with W. A. Kelley as personal security thereon; that, upon the maturity of this renewal note, it was surrendered to Griffith upon the promise of Griffith and Kelley that a new note should be given, with Kelley thereon as security as before, but that Kelley had fraudulently failed and refused to sign the note as he had agreed to do. After a trial and judgment in the justice court, which it is not necessary to particularize, the cause was appealed to the county court and tried upon substantially the issues presented in the justice court. The trial in the county court resulted in a judgment in favor of the lodge for the full amount sued for against both I. L. Griffith and W. A. Kelley, and W. A. Kelley alone has appealed.

[1, 2] Appellant insists that his general demurrer to the plaintiff's pleading should have been sustained, and that the verdict and judgment against him are not supported by the law and the evidence, and we think these contentions are supported by the record. It is not pretended that appellant signed or otherwise became a party to the particular note made the foundation of this suit. As that note, it is only alleged that he had promised to sign it and fraudulently failed to do so. Plaintiff's cause of action, therefore, as against W. A. Kelley, as alleged, was not upon a contract to pay a specified sum of money, as evidenced by the note, but for the breach of a contract or promise to sign the note, and it is neither alleged nor shown that this promise was in writing. If, in any event, a cause of action can be predicated upon such a breach, it was neither alleged nor proved in the present case. While it was alleged that the preceding note, upon which W. A. Kelley's name did appear, had been surrendered to I. L. Griffith, it was neither alleged nor shown that its surrender to Griffith prejudically affected the Audra Lodge. It was not alleged that Griffith was insolvent, or that, by means of the surrender of the old note, the debt had been lost. So that in no phase of the case, as presented by the present record, can it be said that the judgment below should be affirmed.

[3] The pleadings are probably broad enough to support a judgment against appellant upon the note actually signed by him, and which it was alleged was surrendered to Griffith. But the case was not tried below upon any such theory, and, had this note been made the foundation of the suit rather than that specifically declared upon, this court would have been without appellate jurisdiction, inasmuch as the record now before us indicates that that notice was but for the sum of $100, without any evidence that it contained any stipulation for the recovery of attorney's fees. See Vernon's Sayles' Tex. Civil Statutes, art. 1589, cl. 3, which confines our appellate jurisdiction over judgments of the county court to amounts exceeding $100, exclusive of interest and costs.

In view of the conclusions above announced, other assignments need not be considered.

For the errors indicated, however, it is ordered that the judgment be reversed, and the cause remanded as to appellant; the judgment against I. L. Griffith not being disturbed.