STACY et al. v. RAYWOOD CANAL &
MILLING CO.  (No. 240.)

(Court of Civil Appeals of Texas.  Beaumont.
June 22, 1917.  Rehearing Denied
June 27, 1917.)

1. INTEREST ☞66—INTEREST ON DRAFT—
PLEADING.

Plaintiff's petition alleged that the several
defendants individually became liable on their
promise to pay plaintiff $431.71, with 6 per
cent. interest from a specified date, and for the
sum of $5 protest fees on the draft in suit, and
prayed for judgment against defendants for
plaintiff's debt, damages, and costs, and such
other and further relief as plaintiff might be
entitled to either in law or in equity.  Held,
that the petition and prayer afforded sufficient
basis for a verdict for plaintiff for the principal
sum and interest from the due date of the
draft until the date of judgment.

[Ed. Note.—For other cases, see Interest,
Cent. Dig. § 147.]

2. COMPROMISE AND SETTLEMENT ☞19(2)—
ESTOPPEL TO ASK CANCELLATION OF IN-
STRUMENT.

Where plaintiff secured $150 on the faith of
a compromise release, for which he gave a
draft, and then stopped payment on it, he, with-
out offering to return the $150, but keeping it,
and pleading limitation against every item of
the original contract, could not ask for cancella-
tion of the draft in a court of equity, and be
heard to complain that there was failure of con-
sideration in that one of the items of the ac-
count compromised was unfounded, without of-
fering to do what was equitable.

[Ed. Note.—For other cases, see Compromise
and Settlement, Cent. Dig. §§ 71–73.]

3. BILLS AND NOTES ☞537(1)—ACTION—IS-
SUE—SUFFICIENCY OF EVIDENCE.

In suit on a draft, evidence held insufficient
to raise issue as to whether a firm, one of de-
fendants, was liable on the draft or claim sued
for.

[Ed. Note.—For other cases, see Bills and
Notes, Cent. Dig. §§ 1862, 1871–1875, 1891–
1893.]

Appeal from Harris County Court;  C. C.
Wren, Judge.

Suit by the Raywood Canal & Milling Com-
pany against William Stacy and others.
From a judgment for plaintiff, defendants
appeal.  Affirmed.

Stevens & Stevens, of Houston, for appel-
lants.  Woods, King & John, of Houston, for
appellee.

BROOKE, J.  Appellee, Raywood Canal &
Milling Company, declared on a draft given
by William Stacy & Son in the sum of $431.71,
alleging that said draft was given appellee in
payment of a settlement made between appel-
lee and William Stacy & Son, whereby, after
the making of mutual concessions, there was
had an accord and satisfaction, and by way of
compromise it was mutually agreed that
there should be due from William Stacy &
Son to appellee the sum mentioned, appellee's
books showing due said appellee from William
Stacy & Son a much larger sum of money.

The reply of appellants to appellee's peti-
tion was:  First, a general denial;  second, a

plea of the statutes of two and four years'
limitation;  and, third, as follows:

"Further answering, this defendant says that
there was no consideration for the debt declared
upon, in that while there were certain transac-
tions between the plaintiff and the defendant
William Stacy arising out of the water rent for
certain premises cultivated by tenants of the
said William Stacy, and at the time of the ex-
ecution of said draft declared upon in the sum
of $431.71 it was understood by C. E. Stacy
that certain tenants of said William Stacy had
cultivated certain lands in rice at the instance
of the said William Stacy, which were watered
by the plaintiff, and that the defendant Wm.
Stacy therefore owed the water rent for the
same, but that as a matter of fact said tenants
had not cultivated the land which had been so
watered for the said William Stacy, but were
in fact the tenants of one John Evans, and
that the water rent was not due from the said
William Stacy or the said William Stacy &
Son, but that, owing to a mistake and misun-
derstanding as to the facts, the said William
Stacy & Son, by C. E. Stacy, through inadver-
tence signed said draft, but that the same was
not signed by Wm. Stacy, or by his authority,
and that said partnership of Stacy & Sons had
no connection whatever with the matters in
dispute, that there was no consideration for
said draft at the time of its execution moving
from the plaintiff to the said William Stacy &
Son, or to William Stacy, and that there was
a total want and total failure of consideration
for the same, since neither the said William
Stacy nor the said William Stacy & Son owed
the plaintiff the said sum for which said draft
was executed, and this defendant denies that
said William Stacy, or the said William Stacy
& Son, at any time assumed the payment of
any water rent for any tenants who received
water from the plaintiff, other than upon the
lands which were cultivated by tenants for the
said defendants, and as to such water rent as
was due for lands so cultivated for defendants,
the same was paid long prior to the execution
of said draft, and that the said draft declared
upon was executed without consideration, as
aforesaid, and it is denied that Wm. Stacy in
whole or in part executed, or by the authority
of said Wm. Stacy was the draft or check de-
clared upon executed."

It was agreed that Mrs. Hattie E. Stacy
was independent executrix of the will of Wil-
liam Stacy, deceased, and sole devisee, and R.
E. Brooks testified that the draft was given
in payment of the amount agreed to be due,
after a compromise and settlement of disput-
ed accounts.  It was admitted that the draft
was not paid, and that there was a $5 protest
fee thereon.  It might be well to here set out
in part the testimony of C. E. Stacy as a wit-
ness for himself and the other defendants, as
follows:

"The account attached to the petition is not
stated correctly.  The account is a little differ-
ent in our accounts from what you have it there
it was at the time.  That account states the
settlement correctly.  I got $477.86 from the
National Milling Company for rice belonging to
the Raywood Canal & Milling Company two
or three months before this came up.  I didn't
have that money in my hands at the time I
came up here.  It had been paid to me.  I
hadn't paid it to the Raywood Canal & Milling
Company because they owed us;  $431 was not
the difference.  The difference between this rice
that you speak of that I sold and the John
Brown rice and our store account shows a dif-

ference on your books of $95, and our books showed $33. The way you have it there is correct, but you spoke about getting this money from the John Brown rice. There was a balance in this settlement of $245.16 due by Stacy & Son outside of the Stacy, Reavis & Reynolds matter. That's right, I gave a check for it; $245.16 of the $31 was Wm. Stacy & Son's matters entirely; there was that amount besides the Girourd. The Devoe and Girourd matter was a Wm. Stacy & Son matter. So that at the time we made this settlement there was a balance due by Stacy & Son on the above matters of $245.16. Of the draft that I gave you in settlement for $431.71, $245.16 of it was not matters that belonged to Wm. Stacy & Son altogether. I am looking at this other here. You have got $477.86 in there; that's what that rice brought that was shipped of yours. That was Wm. Stacy & Son's. Every item there was Wm. Stacy & Son's, except this last item, the Evans and Reynolds and Reavis rice, there on the Evans land, wasn't Wm. Stacy & Son's at all. The item in there on the John Evans was not $186.55; it was two hundred and something. It is not credited with part of that. There's $248.32 that wasn't Wm. Stacy & Son's. I don't know there were any deliveries on that. This rice here, this settlement I made here of my father's, I don't know anything about. This $248 you said was rice from the Reavis and Reynolds off the Evans land."

"The statement attached to the petition shows that the balance due by Stacy & Son on the above matters is $245.16, and that there was added to that a balance due for water rent by Stacy, Reynolds, and Reavis, as per statement, $186.55. All that $431.71, except the $186.55, was not Wm. Stacy & Son's. That's the way you got it here. That off the Evans land wasn't Wm. Stacy & Son's. You haven't got that in here as I can see. I don't know what you charged in this settlement. I know there was two hundred and forty some odd dollars that you said was off the Evans land. Right there it shows a balance due by Stacy & Son of $245.16, and further shows a balance due for water rent by Stacy, Reynolds, and Reavis of $186.55, and the two items added together make $431.71. That's the amount I have the draft for. You have it there showing that the entire matters covered by the draft I gave was Wm. Stacy & Son's, except $186.55, but it amounted to more than that off the Evans land. You have taken some of this out of the account above here. The rice off the Evans land you have got charged up $244 and something. I was authorized to run the business of Wm. Stacy & Son and had been running it for several years. So far as Wm. Stacy & Son were concerned, I was fully authorized to act for them, and I acted for them. I have been acting for them all the time. I did not have any secret agreement that I wasn't authorized to act for Wm. Stacy & Son. I knew that that was the Evans land that this charge for water rent was made for. It shows that right on the face of the receipt. I was the man that insisted on having receipts for these different amounts showing settlement of them. And this amount was included in the draft of $431. This was one of the items that went in to make up that tract. By getting this matter settled you got released to Wm. Stacy & Son the amount that had been tied up by the National Rice Milling Company for the De Voe and Girourd rice. I expect that was tied up two or three months there, I think, wasn't it? I say probably sixty days, somewhere about that; I won't be positive exactly. Representing Wm. Stacy & Son, I saw fit to make this settlement. I made the settlement for the Evans land, too. After I made the settlement and got the money released from the National Rice Milling Company to Wm. Stacy & Son, I didn't turn down the check which had been given in settlement and which enabled me to get this money released. Wm. Stacy & Son turned it down. Wm. Stacy turned it down. He was representing Wm. Stacy & Son.

"The first item here on this account that's attached to the plaintiff's petition is $6.40. That's correct. The items following that down to the item of March 3d, the debit of $6.75, all those items are correct. The credit items shown on the account above the amount $522.-74 is correct. The item here, to the amount due to cover proceeds, etc., from John Brown rice, is not in dispute between us. They authorized me to sell this rice. That is correct. That $150 item is the item now that he claims more. Devoe's item was more, but he put it in for $185. He and I are in accord on that; we put it in that way. This amount in pencil, $186.55, is the only item that he and I are not in accord about.

"I had in my mind all the time that this $248 would be coming out of the $431 and this $150. This here was one that he claims Girourd owed him balance on water rent. He owed him more than this, but he cut this down to $150, you see. That's why I don't remember right now; it isn't clear to me just where I get the receipt for $248."

The account attached to the petition referred to, reads as follows:

Exhibit A.

Wm. Stacy & Son, in Account with Raywood Canal & M. Co.

| 1907. | | | Dr. | Cr. |
|---|---|---|---|---|
| Aug. 13 | To Mdse | | $  6 40 | |
| 16 | " | | 1 40 | |
| 20 | " | | 19 80 | |
| 23 | " | | 39 30 | |
| | " | | 13 20 | |
| | " | | 13 20 | |
| 25 | " | | 6 60 | |
| Oct. 10 | " | | 4 00 | |
| Nov. 1 | " | | 2 40 | |
| Dec. 12 | To cash a/c storage | | 15 45 | |
| 5 | To Mdse | | 20 | |
| 1908. | | | | |
| Mar. 3 | To stge. 42 sx. 3 mos. at 18¢ | | 7 56 | |
| | To stge. 27 sx. 2 mos. at 14¢ | | 3 78 | |
| | To hauling 27 sx. at 25¢ | | 6 75 | |
| Aug. 13 | By 2 bull chains, 3 canvassers and frt. | | | 16 70 |
| Dec. 2 | By commission on binder | | | 95 00 |
| 1908. | | | | |
| Jan. 31 | By sundry bills of Stacy | | | 187 35 |
| Mar. 2 | By proceeds sale 69 sx. rice; 11,150 lbs. at $3.25 | | | 223 69 |
| | Balance | | 382 70 | |
| | | | $522 74 | $522 74 |
| By balance due Stacy & Son on this a/c | | | | $382.70 |
| To amount due to cover proceeds realized from sale of John Brown rice to National Rice Milling Company, which was shipped to National Rice Milling Company, and proceeds being held by them pending settlement, as follows: | | | | 477 86 |
| To 92 sx. Japan 10,070 lbs. at $3.50 | | | $368 70 | |
| To 33 sx. Hond. 5,890 lbs. at $3.00 | | | 109 07 | |
| | | | $477 86 | |
| To balance due by De Voe & Girourd, that is, amount agreed to accept in settlement as per letter to Stacy & Son, dated 9/23/08 | | | 150 00 | |
| To balance | | | | 245 16 |
| | | | $627 86 | $627 86 |
| To balance due by Stacy & Son on above matters | | | 245 16 | |
| To balance due for water rent by Stacy, Reynolds & Reavis per statement | | | 186 55 | |
| Total balance | | | $431.71. | |

The case was tried before a jury, and the court peremptorily instructed a verdict in favor of plaintiff against the defendants William Stacy & Son, as a partnership, and against Hattie E. Stacy, as independent executrix of the estate of William Stacey, deceased, and against C. E. Stacy for the amount sued for, with 6 per cent. interest from January 28, 1909. The jury returned a verdict in response to said peremptory instruction, and judgment was entered in favor of plaintiff in the sum of $570.90. A motion for new trial was overruled, and the case was properly brought before this court for adjudication.

The first assignment of error is as follows:

"Because the court erred in directing the jury to return a verdict in favor of the plaintiffs for the amount of $431.71, together with 6 per cent. interest from the 28th day of January, 1909, for the reason that the pleadings of the plaintiff did not seek to recover interest, said interest was not in controversy, and there was no allegation in plaintiff's petition that it was entitled to recover any interest at all, and no judgment was prayed for in said petition for interest on said $431.71, hence the court erred in so instructing the jury, and the jury erred in returning a verdict for $431.71, together with 6 per cent. interest from the 28th day of January, 1909."

Section VII of plaintiff's first amended original petition reads as follows:

"That by reason of the premises the said Wm. Stacy & Son and Wm. Stacy and C. E. Stacy, individually, became liable to and promised to pay this plaintiff $431.71, with 6 per cent. interest thereon from January 28, 1909, until paid, and for the sum of $5 protest fees on said draft."

The said petition concludes as follows:

"Plaintiff therefore prays, in addition to the prayer for citations contained in the original petition, that citation issue as the law in such cases requires requiring the defendant Mrs. Hattie Stacy, as independent executrix of Wm. Stacy, deceased, be cited to answer this petition, and that upon final trial it have its judgment against said defendants C. E. Stacy and against the said Mrs. Hattie Stacy, as independent executrix of the estate of Wm. Stacy, deceased, for its debt, damages, and costs, and such other and further relief as it may be entitled to, either in law or equity, and will ever pray."

[1] Therefore we have a petition which declares on a written contract ascertaining the amount payable, and which alleges the liability of the defendant to pay the principal sum with 6 per cent. interest thereon from January 28, 1909, the date of the instrument, until paid, and in addition prays for general relief. Without going into detail, it will be sufficient to say that, in our judgment, the petition and prayer affords a sufficient basis for a verdict in favor of plaintiff for the principal sum, and interest thereon from its due date until the date of judgment. See I. & G. N. Ry. Co. v. Perkins, 184 S. W. 725. The assignment is overruled.

Appellant complains in his second assignment of error that the court erred in its action, for the reason that:

"The undisputed evidence having shown that the major part of the matters in controversy consisted of a claim that William Stacy, deceased, one of the partners of William Stacy & Son, was individually liable for certain rice received from the Evans farm, or from the tenants of said Evans, to wit, Reynolds and Reavis, the value of which amounted to approximately $248, and that this matter was not a part of nor connected with the affairs of said William Stacy & Son, being the individual matter of the said William Stacy, deceased, and the plaintiff, and the evidence having further shown that C. E. Stacy, one of the partners of the firm of William Stacy & Son, had no authority from his partner, William Stacy, deceased, to pay the claim for said rice from said Evans farm, nor to execute the draft or check in controversy in the name of William Stacy & Son so as to in any manner bind the said William Stacy either individually or as partner, and the evidence having further shown that the alleged indebtedness, or claimed indebtedness, for which said draft or check was executed, covered approximately a claim of $248 by the said plaintiff against the said William Stacy individually, and that neither said firm nor William Stacy owed said amount, hence the court erred in directing the jury to return a verdict in behalf of the plaintiff for the amount of said draft, since the undisputed evidence showed that said draft was unauthorized by the said William Stacy, and that the part of said draft which was intended to cover the said alleged Evans rice or rice from the farm of said Evans had not been received by said firm or by said William Stacy, and was not a partnership matter of said William Stacy & Son, and was outside of the scope of the said partnership business of said William Stacy & Son."

[2] The testimony of the surviving partner has in a large measure been set out heretofore, and this, together with the admitted fact that the draft declared on by plaintiff was duly executed and delivered to appellee, and that payment was stopped and the draft protested, and no defense being set up in the pleadings, or by the proof, save as above set out and C. E. Stacy admitting each and every item in the statement heretofore set out as to matters in issue between appellee and William Stacy & Son, except the $150 item designated in said statement, "to balance due by De Voe & Girourd, * * * $150.00," and said C. E. Stacy having admitted in his testimony that there was a dispute between himself and the Raywood Canal & Milling Company as to the amount of some of the various items, and that a compromise agreement was reached whereby the parties fixed on the said statement as showing the correct amount due, and that he thereupon gave his draft for this sum, $431.71, and at that time received a release to him of some money that was being held up by the National Rice Milling Company, on which appellee asserted a claim, and that he got this money on the faith of this compromise release, and then stopped payment on the draft, we do not believe, the testimony having been as above set out of the said C. E. Stacy, he not offering to return the $150, but kept the same, and pleaded limitation against each and every item of the original contract, that he can ask for a cancellation of the instrument in a court of equity, and be heard to com-

plain, without offering to do what is equitable and right. Therefore, even granting that there was a plea of failure of consideration, which was good upon its face, and that one of the items was unfounded, there was still a settlement of claims and counterclaims which would seem to dispose of the plea of failure of consideration. We therefore are of opinion that it was correct for the court to instruct a verdict in favor of appellee. The assignment is overruled.

The third and fourth assignments of error are as follows:

(a) "There being an issue in the case as to whether or not the said William Stacy & Son or the said William Stacy, deceased, was liable upon the draft or claim sued upon, hence the court erred in not submitting said issue to the jury."

(b) "The court erred in directing a verdict. for the reason that C. E. Stacy, as a member of the firm of William Stacy & Son, could not bind his copartner, William Stacy, by the execution of the draft or check declared upon without authority from his said partner, William Stacy, so to do, and the evidence in this case having shown an entire want of authority in the premises on the part of the said C. E. Stacy that there was no consideration for said draft or check, and that the same was executed without the knowledge and consent of the said William Stacy, hence the court erred in directing a verdict for the plaintiff and in not submitting the issue to the jury."

[3] We have gone over this record carefully, and we are of opinion that there was no error in the matters complained of, and that there was not sufficient evidence to raise an issue as to whether the said William Stacy & Son was liable upon the draft or claim sued for, and we do not believe that the record presents any error in the action of the lower court in the trial of this case which would authorize this court to reverse the cause.

Believing that the appellant has had a fair and impartial trial, and that his rights have been guarded, we are of opinion that the judgment of the lower court was right, and that it should be affirmed.

It is so ordered.