ELLA E. DANIELS V. J. LARENDON ET AL.

1. PRACTICE IN SUPREME COURT—MOTION TO REINSTATE.—Causes dismissed on call of the docket for want of prosecution will not be reinstated, except on some showing of merit in the appeal, and excuse for the failure to appear, by brief or otherwise.

2. EXCUSE FOR NEGLECT TO PROSECUTE.—Counsel for motion to reinstate showed by affidavit that he knew the crowded condition of the docket, and supposed that a hearing or decision could not be hoped for at the present term; and that counsel was too much pressed with business to prepare such a brief as the importance of the question involved demands: *Held*, The excuse for failure to appear was insufficient.

3. SAME—MERITS.—In cases where it can be reasonably inferred that there are merits in the appeal or writ of error, and that serious injury will probably result from the dismissal, although no strictly legal or satisfactory excuse is given for the neglect leading to dismissal, the court has frequently set aside the order, and permitted the case to be reinstated upon terms.

4. FACTS HELD NOT MERITORIOUS.—That a homestead was conveyed in trust to secure a loan made before the present Constitution took effect, and at twenty-four per cent. per annum, and that the privy acknowledgment of the wife was taken to the trust deed by a notary employed by the husband to negotiate the loan, does not constitute an evident meritorious case for equitable relief.

5. APPEAL BOND.—Where an injunction is dissolved, bill dismissed, and costs adjudged against plaintiff and sureties on the injunction bond, such sureties cannot become sureties on the appeal bond of their principal.

6. APPROVED.—Labadie *v.* Dean, 47 Tex., 90, approved.

APPEAL from Harris.   Motion to reinstate.

*E. P. Turner,* for motion.

*E. P. Hamblen,* resisting motion.

MOORE, ASSOCIATE JUSTICE.—This is an injunction suit brought by appellant, Ella E. Davis, against J. Larendon, D. F. Stuart, and George C. Davis, the husband of appellant, who refused to join her in the action, to enjoin the sale of

certain lots in the city of Houston, about being sold by defendant Stuart under a deed in trust, made by appellant and her husband, to secure the payment of a note given by them to the defendant Larendon. Judgment was rendered in the District Court of Harris county, dissolving the injunction and dismissing the bill, April 5, 1877; notice of appeal entered, and the appeal bond upon which the case was brought to this court was given on a subsequent day of said month.

The transcript was filed in this court on the 18th of February, 1878, by appellant's counsel; and on March 6, 1878, on the second call of the docket of the assignment to which cases from the county of Harris belong, no briefs being filed, and no counsel appearing to represent the case, it was dismissed by the court for want of prosecution. On the 9th of same month, appellant's counsel moved the court to set aside the order dismissing the case, and that it be reinstated on the docket.

The grounds presented in the motion, and upon which we are asked to reinstate the case, are, that counsel, knowing the crowded condition of the docket, supposed the court was so greatly behind with the business that a decision or hearing in the case could not be hoped for at the present term; and that counsel was too much pressed with business to prepare such a brief as the importance of the question involved demands, &c.

By its rules, the court is required to call the docket for each assignment twice during the time allotted to it. Its call would certainly be a useless requirement, if it were optional with counsel whether they will answer to or appear in their cases when called. It has been the uniform practice of the court, since its first organization, to dismiss cases in which no appearance is made for either party, by brief or otherwise, and no motion or other disposition of the case is suggested or asked for. If additional time is wanted by counsel for the preparation of briefs, the court has always shown a willingness to grant every indulgence that it can allow, consistently with the rights of the opposite party; but it surely cannot be

supposed that the pressure of business upon counsel is a legal excuse for his failure to appear in his case when called.

The counsel further states, as a reason why the motion should be granted, "that affiant [*i. e.*, counsel] has advised appellant, and so he believes, that there is merit in her appeal, and he here now represents to this honorable court, that in his opinion great injustice has been done appellant by the order of dismissal." Certainly, it cannot be properly said that the court has done appellant injustice, by the mere enforcement of its long and well established rules of practice and procedure; nor do we think that counsel intended to intimate that it had; but we suppose he meant, that in his opinion great injustice would result to appellant from the dismissal of her appeal, if the case should not be reinstated.

In cases where we can reasonably infer that there are merits in the appeal or writ of error, and that serious injury will probably result from their dismissal, although no strictly legal or entirely satisfactory excuse is given for the neglect which has led to its dismissal, the court has frequently set aside the order, and permitted the case to be reinstated upon terms. With this view, we have looked into the record, to see if this is a case in which we might properly pursue this course. We are constrained, however, to say that it is not. The grounds for injunction presented in the petition, are, (1) that the property conveyed by the deed in trust is appellant's homestead; (2) that the note, for security of which the deed was given, bears interest at the rate of twenty-four per cent. per annum; and (3) that the notary by whom appellant's acknowledgment of the execution of the deed was certified, was employed by her husband as a broker to negotiate the loan of the money, to secure the repayment of which the deed was given.

As the deed was executed and the money loaned before the Constitution went into effect, it is difficult to see what force there is in either the first or second ground upon which the injunction is sought. Nor do we very clearly perceive the equity to be claimed by the plaintiff, from the fact that

the broker, who, as the agent of her husband, negotiated the loan, afterwards took her acknowledgment of the deed. If, instead of being his agent, he had represented and acted for the lender, it would be quite a different case. But we are not called upon to express any definite opinion upon the merits of the case. All that it is necessary for us to say, is, that there are no such obvious and apparent merits on the face of the record as to call for setting aside the dismissal, unless a better showing had been made than that presented by this motion.

But even if there were apparent merits in the appeal, the motion should not prevail. An examination of the record, discloses the fact, that no such appeal bond has been given as will sustain the appeal. The judgment for cost is against the plaintiff and the sureties on her injunction bond. The appeal bond is signed by the plaintiff and these same sureties who are parties to the judgment. Though the appeal may be prosecuted by only one of the parties to the judgment, the others cannot be sureties on the appeal bond. This precise point was decided in the case of Labadie *v.* Dean, 47 Tex., 90.

Motion overruled.

· Motion overruled.