## A. F. SAMPSON v. H. SOLINSKY.

### No. 2794.

1. **Appeal Bond—Surety for Costs may sign Appeal Bond.—**A surety for costs in a Justice Court, in event his principal be cast in the suit, may become surety on appeal from the judgment.

2. **Case Adhered to.—**Trammell v. Trammell, 15 Texas, 291, adhered to.

APPEAL from Jefferson.    Tried below before Hon. W. H. Ford. .
The opinion states the case.

*Tom J. Russell* and *G. W. Trenchard,* for appellant.—When the principal on an appeal bond from a Justice Court to the County or District Court takes an appeal, and his sureties on his cost bond do not join in the appeal, the appeal of the principal is not the appeal of the sureties. The rights of the sureties are not affected by such appeal, and the rights of the party appellee in such appeal could not be affected thereby. Trammell v. Trammell, 15 Texas, 292, and cases there cited; Saylor v. Marx, 56 Texas, 90; 1 Ct. App. C. C., secs. 316, 317; 2 Ct. App. C. C., sec. 778.

*Douglass & Lanier,* for appellee.—A surety on the cost bond of a plaintiff, against whom judgment has been rendered as such, becomes a party

to the suit or judgment, and can not become a surety on the appeal bond of plaintiff. Sayles' Civ. Stats., arts. 1437, 1566, 1638, 1639; Bradway v. Clipper, 1 Ct. App. C. C., sec. 306; Labadie v. Dean, 47 Texas, 90; Daniels v. Larendon, 49 Texas, 216.

GAINES, ASSOCIATE JUSTICE.—Appellant brought this suit in a Justice Court against appellee, and filed a cost bond, with two sureties, as required by law. The jury returned a verdict for appellee, and thereupon the justice entered a judgment against appellant that he take nothing by his suit, and against him and his sureties on his cost bond for the costs of the action. He appealed to the District Court, and filed an appeal bond with two sureties, one of whom was a surety upon his bond for costs. In the District Court the appellee moved to dismiss the appeal on the ground that the bond was not sufficient. The objection was that the surety upon the cost bond was incompetent as a surety upon the appeal bond, and that therefore the obligation stood as if it were signed by one surety only. The court sustained the motion and dismissed the appeal, and from that judgment the appeal to this court is prosecuted.

Our decisions upon the question of the competency of sureties to an appeal bond, who are sureties upon the principal's bond in the court below, and against whom judgment has been rendered as such, are somewhat in conflict. In Trammell v. Trammell, 15 Texas, 291, there was a judgment against the defendant in a sequestration suit and against the sureties on his replevy bond. The defendant appealed. The sureties did not appeal, but signed his appeal bond as sureties. Upon a motion to dismiss, after a very careful consideration of the question the court held the bond to be good. Daniels v. Larendon, 49 Texas, 216, holds a contrary doctrine. There the question came up on a motion to reinstate the case, which had been dismissed for want of prosecution. The motion was refused—one of the grounds of the refusal being that the bond was not sufficient to give the court jurisdiction. The appellant had given an injunction bond in the court below, and judgment had been rendered against him and his sureties for costs. They were the sureties on the appeal bond. Labadie v. Dean, 47 Texas, 90, is frequently cited in favor of a similar doctrine, but the case bears very remotely upon the question. In that case there were several plaintiffs, and judgment had been rendered against all of them in the court below. One alone appealed, and two of his co-plaintiffs became sureties on his appeal bond. The bond was held insufficient. But in Saylor v. Marx, 56 Texas, 90, the question came up again. In that case the sureties on the cost bond in the District Court became the plaintiff's sureties upon his appeal to this court. A motion to dismiss was not made in the time prescribed by the rules of the Supreme Court. See Rules 8 and 9. The question was presented whether the court should dismiss the cause for the want of jurisdiction, notwithstanding a motion

to dismiss was not filed in proper time, and it was held that the bond was not absolutely void, and that the court had jurisdiction of the case. Whether or not the appeal would have been dismissed if the motion had been made in time was not decided.

In Daniels v. Larendon, *supra,* which is the only case which supports the ruling of the court below, the decision is based upon the ground that the sureties to the injunction bond are parties to the suit.    They do become parties to the litigation by becoming sureties upon the injunction bond, and are liable to have a judgment rendered against them in the suit in which it is filed.    Whether this is a sufficient reason for adhering to the ruling in the case last cited, or whether we should return to the doctrine of Trammell v. Trammell, we do not here decide.   But we are of opinion that the sureties on a bond given merely to secure the costs of a suit do not become parties to the action.    The costs are the mere incident of the litigation, and for this only they are bound.    We therefore conclude that in the event their principal be cast in the suit they may become his sureties upon his bond to appeal the case.    As was said in Trammell v. Trammell, *supra,* "the question is not whether the appeal bond will give any additional security, but whether it gives sufficient security."    This ruling is in accordance with the decisions of our Court of Appeals.    Heidenheimer v. Bledsoe, 1 Texas Ct. App. C. C., sec. 317; Word v. Reither, 2 Texas Ct. App. C. C., sec. 778.

For the error of the court below in dismissing the appeal from the Justice Court, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Delivered January 28, 1890.