T. E. McCLELLAND ET AL. v. GEORGE BARNARD ET AL.

Decided May 4, 1904.

**Appeal—Sureties—Claimant's Bond.**
Sureties upon a claimant's bond against whom, with the principal, judgment was rendered, are not disqualified thereby from becoming his sureties on a bond for appeal from such judgment.

Appeal from the County Court of McLennan. Tried below before Hon. G. B. Gerald.

*Sleeper & Kendall,* for appellants.

*J. T. Sluder,* for appellees.

MOTION TO DISMISS APPEAL.

FISHER, CHIEF JUSTICE.—At a previous day of this term we entered an order sustaining the motion to dismiss, on the ground that the appeal bond was not sufficient, in that the sureties on the bond appeared from the record to be the sureties on the appellants' claimant's bond. It appears from the record that judgment was entered against the appellants and the sureties on the claimant's bond.

In holding that the bond was defective in this respect, we followed a line of cases by the courts of this State which in effect hold that the sureties upon the bond executed in a proceeding of this character and against whom judgment was rendered, were not competent sureties upon an appeal bond. A re-examination of the question has convinced us that we were wrong in requiring a new bond to be executed, and in holding that the original bond was defective. The later cases upon that subject, in effect, overrule the cases to which our attention was called, and in effect hold that the sureties upon a claimant's bond, replevy bond and injunction bonds, and bonds of that character, may become sureties upon an appeal bond. People v. Rogers, 11 Texas Civ. App., 448; Carter v. Forbes, 22 Texas Civ. App., 665; Henderson v. Brown, 16 Texas Civ. App., 461; Sampson v. Solinsky, 75 Texas, 663, and 4 Texas Civ. App., 145.

Therefore we hold the original bond sufficient, and the order heretofore entered requiring a new bond to be filed is set aside.