Appellee instituted this suit, alleging that he was the owner and possessed of 122 head of mules, of the value of $60 per head, and of the aggregate value of $7,320, which the defendant, G. W. Wilks, had converted to his own use. Defendant, in answer, claimed the mules under a contract of sale set up by him, to the effect that defendant was to pay for the mules at the price per head stated in the plaintiff's petition by conveying to the plaintiff certain land, of the value of $4,800, and by executing his promissory note in the further sum of $3,160, and tender of conveyance and note was made. To this answer the plaintiff replied that a tentative agreement such as pleaded by the defendant had been made, but that it was conditioned upon the land mentioned in the contract being good agricultural land, as it was represented by defendant; that the land was not as represented, and that he had never concluded the agreement; notwithstanding which defendant, without his consent, had taken possession of and converted the mules, as originally alleged. The several issues thus indicated were submitted in a trial before the jury, which resulted in a verdict and judgment in plaintiff's favor for the sum of $7,076, with interest, etc., and defendant appeals.
By assignments of error to the court's charge, to the judgment, and to the action of the court in overruling the motion for a new trial, appellant insists that reversible error was committed, on the ground that the verdict and judgment awards a total sum for damages, without giving the specific values of each of the mules for which the suit was brought. Numerous authorities are cited which support appellant's contention in cases where the suit is for the recovery of specific property; but we need not stop to consider them, nor the reasons upon which they are based, for in our judgment they have no application to the case before us. The appellee's petition in terms and in legal effect makes the case one of simple conversion. Excluding formal parts it is as follows: "That heretofore, to wit, about the 15th day of April, A.D. 1909, plaintiff possessed and owned 122 mules, branded _____ on left shoulder and various other brands not now remembered by plaintiff, which said mules were then and there located and situated on plaintiff's premises in the northeast portion of said Childress county, which said mules were of the value of $60 per head, or an aggregate sum of $7,320. That on or about the day above named the defendant unlawfully took possession of the said mules, and converted the same to his own use, and has deprived the plaintiff of the possession thereof, to his damage in the sum of $8,000. Wherefore plaintiff prays that defendant be cited to answer this petition, and that he have judgment for the recovery of said mules, and for the value thereof, with his interest, damages, and costs of suit, and that he have general relief."
It is to be observed that the only part of the petition which looks to the specific recovery of the mules is one of the prayers; but this cannot control the legal effect of the facts alleged in the charging part of the petition. Milliken v. Smoot, 64 Tex. 171; McIlhenny Co. v. Todd,71 Tex. 403, 9 S.W. 445, 10 Am.St.Rep. 753. It was correct, therefore, for the court to charge the jury that in event they found against the defendant upon his defense, and that the mules had been converted as charged, to find for the plaintiff as damages the value of all of the converted mules. So, too, the verdict and judgment were sufficient in stating the aggregate value, as the rule is well established that in cases of conversion the plaintiff's measure of damages is the value of the converted property, with interest thereon from the date of the conversion. Grimes v. Watkins, 59 Tex. 133; Hudson v. Wilkinson, *Page 839 61 Tex. 607; Hull v. Davidson, 6 Tex. Civ. App. 588, 25 S.W. 1047.
The only other question presented that is worthy of notice is appellant's contention that the evidence is insufficient to support the verdict and judgment; but a careful examination of the evidence entirely refutes the contention.
The judgment is accordingly affirmed.