### FT. WORTH STATE BANK v. LITTLE.
#### (No. 7991.)

(Court of Civil Appeals of Texas. Ft. Worth. May 30, 1914.)

JUSTICES OF THE PEACE (§ 145*)—APPEAL—DECISIONS REVIEWABLE—AMOUNT INVOLVED—"INTEREST."

Under Rev. St. 1911, art. 1589, cl. 3, giving the Court of Civil Appeals jurisdiction in cases of which the county court has appellate jurisdiction, when the judgment or amount in controversy or judgment rendered shall exceed $100, exclusive of interest and costs, and article 4973, defining interest as the compensation allowed by law or fixed by the parties to a contract for the use or detention of money, no appeal lay from the judgment of the county court on appeal from a justice to recover the balance of a bank deposit amounting to $100, though the petition prayed for the recovery of such $100 and damages in the sum of $25; there being no fact alleged authorizing a recovery of damages, other than the mere detention of the money, and "interest" being the only damages recoverable for such detention.

[Ed. Note.—For other cases, see Justices of the Peace, Cent. Dig. §§ 479–489; Dec. Dig. § 145.*

For other definitions, see Words and Phrases, vol. 4, pp. 3692–3709; vol. 8, p. 7691.]

Appeal from Tarrant County Court; Charles T. Prewitt, Judge.

Action by F. L. Little against Ft. Worth State Bank. From a judgment for plaintiff, defendant appeals. Appeal dismissed.

H. O. Ledgerwood and H. D. Payne, both of Ft. Worth, for appellant. Lattimore, Cummings, Doyle & Bouldin, of Ft. Worth, for appellee.

CONNER, C. J. The appeal in this case must be dismissed. As instituted in the justice court it was for the recovery of $100, with interest. The plaintiff alleged a previous deposit of several hundred dollars in the defendant bank, which it was conceded had been all repaid except $100, to recover which the suit had been instituted. The bank suffering an adverse judgment appealed to the county court, where judgment was again rendered in favor of appellee, and this appeal prosecuted.

Whether the plaintiff's pleading be construed as declaring upon a breach of an express contract of gratuitous bailment, as appellant insists, or as presenting an action of debt for money had and received and not returned, as appellee urges, is immaterial. The action in either case was essentially one for the recovery of $100 and no more. True, the petition closes with the prayer for the recovery of $100 and damages in the sum of $25; but no fact authorizing the recovery of damages other than the mere detention of the money was stated. For this interest alone is recoverable, and the prayer cannot be held to enlarge the real amount in controversy. Our jurisdiction in cases of which the county court has appellate jurisdiction is limited to cases where "the judgment or amount in controversy, or the judgment rendered, shall exceed one hundred dollars exclusive of interest and costs." See Revised Statutes, art. 1589, cl. 3. Exclusive of interest which is allowed by law for the detention of money (see R. S. art. 4973), the amount in controversy, the judgment rendered, does not exceed $100.

We therefore have no appellate jurisdiction, and, as stated, the appeal is dismissed.