INTERNATIONAL & G. N. RY. CO. et al. v. PERKINS et al. (No. 964.)

(Court of Civil Appeals of Texas. Amarillo. March 15, 1916.)

1. APPEAL AND ERROR ⬅➡58—JURISDICTION—AMOUNTS IN CONTROVERSY—INTEREST.

In an action begun before a justice of the peace, where the prayer was for the recovery of $95, with a prayer for general relief, plaintiff was entitled as a matter of law to interest from the accrual of the cause of action, and, if that interest brings the amount to more than $100, the Court of Civil Appeals has jurisdiction of an appeal from the judgment of the county court on appeal.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 268, 269; Dec. Dig. ⬅➡58.]

2. APPEAL AND ERROR ⬅➡58—JURISDICTION—AMOUNTS IN CONTROVERSY—INTEREST.

In an action begun before a justice of the peace to recover a sum and interest to date, which was treated by plaintiff and the court as entitling plaintiff to interest to the rendition of the judgment, which would bring the amount to more than $100, the Court of Civil Appeals has jurisdiction of an appeal from the judgment of the county court on appeal, though plaintiff waived a part of the interest and recovered less than $100.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 268, 269; Dec. Dig. ⬅➡58.]

Appeal from Hardeman County Court; D. E. Magee, Judge.

Action by J. J. Perkins and others against the International & Great Northern Railway Company and others. Judgment for the plaintiffs in the county court on appeal from the justice court, and defendants appeal. Motion to dismiss the appeal overruled.

Wilson, Dabney & King, of Houston, and J. A. Clarke, of Quanah, for appellants. Berry, Stokes & Morgan, of Vernon, and M. M. Hankins, of Quanah, for appellees.

HUFF, C. J. The appellees move to dismiss this appeal because the amount in controversy is less than $100; this suit having originated in the justice court, and appealed from that to the county court.

[1] The suit was instituted against appellants for damages on account of the loss of eight cases of shoes, alleged to have been shipped over the lines of appellant on or before July, 1910. The wholesale value of the shoes is alleged to be $76.80 and the retail value $95. The prayer is that appellees recover the sum of $95, together with costs "and all relief to which they may be entitled, general, special, legal, and equitable," and, if for any reason they are not entitled to recover the retail price, they recover the wholesale price, $76.80, "with interest on said amount from July 12, 1910, to date." This suit was filed January 16, 1914. The judgment was rendered November 24, 1915, for the sum of $99. Interest is not asked for on the $95 count in terms, but the prayer for general and special relief entitles plaintiff, as a matter of law, to 6 per cent. from the date of the accrual of the cause of action upon this prayer, which the subsequent prayer shows to have been July 12, 1910, or at least in July. Allowing that rate of interest on the amount when the suit was filed would be more than $100, and still more at the date of the rendition of the judgment. We believe under the prayer for special and general relief the $95, with interest, was in controversy, which will give this court jurisdiction. This appears to us to be supported by the authorities cited by appellant. Railway Co. v. Greathouse, 82 Tex. 104, 17 S. W. 834; City of Houston v. Lubbock, 35 Tex. Civ. App. 106, 79 S. W. 851; Railway Co. v. Timon, 110 S. W. 82; Watkins v. Junker, 90 Tex. 584, 40 S. W. 11; Barron v. Bank, 138 S. W. 143; Railway Co. v. Chisholm, 146 S. W. 988; Railway Co. v. Montgomery, 141 S. W. 813.

[2] Interest was sought on the $76.80 up "to date." If this refers to the date of filing the suit, the amount would be less than $100; up to the date of the judgment it would be slightly in excess of $100, from July 12, 1910. If on this latter item interest is to be limited by the pleading, "to date" of the filing of the suit, January 16, 1914, it may be that this court would not have jurisdiction, for the interest on that amount, at the time the suit was filed was less than $100 (Railway Co. v. Rayzor [Sup.] 172 S. W. 1103); but, if interest is calculated from July 12, 1910, to the date of judgment, November 24, 1915, this court would have jurisdiction as the amount is slightly in excess of $100 (Rail-

way Co. v. Fromme, 98 Tex. 459, 84 S. W. 1054). The appellees at the trial waived all interest prior to January 1, 1911, and the court gave judgment for the $76.80 count, with interest up to the date of the judgment from January 1, 1911. It would appear that both the appellees and the court below construed the pleadings as authorizing interest up to the rendition of the judgment. Under the first count for $95 this court has jurisdiction, as above pointed out. Under the second count, if the trial court and appellees' interpretation of the pleading is correct, we have jurisdiction on that item.

The motion to dismiss will be overruled.