MIDLAND ₐCASUALTY CO. v. ARNOTT.
(No. 1365.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 19, 1917. On Motion for Rehearing, Jan. 16, 1918.)

APPEAL AND ERROR ☞54 — JURISDICTION — AMOUNT INVOLVED—"INTEREST."

Accrued interest on the judgment sued upon is "interest" within Rev. St. 1911, art. 1589, subsec. 3, giving Courts of Civil Appeals appellate jurisdiction over judgments exceeding $100, exclusive of interest and costs, and such interest

cannot be included to make the jurisdictional amount.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Interest.]

Appeal from Potter County Court; T. W. McBride, Judge.

Action by John Arnott against the Midland Casualty Company. Judgment for plaintiff, and defendant appeals. Appeal dismissed, and motion for rehearing overruled.

Turner & Dooley, of Amarillo, for appellant. R. R. Hazlewood, of Amarillo, for appellee.

BOYCE, J. The suit was on a judgment for $92.20, dated March 23, 1914, which by its terms bore interest from said date at the rate of 6 per cent. per annum. The judgment in this case was rendered September 6, 1917, and was that plaintiff recover the said sum of $92.20, with 6 per cent. interest from March 23, 1914, to wit, $18.60—an aggregate of $110.80. Appellee moves to dismiss the appeal for want of jurisdiction in this court.

Under the statute (article 1589, § 3) this court has jurisdiction if "the judgment, or the amount in controversy, or the judgment rendered, shall exceed $100.00, exclusive of interest and costs." The qualification "exclusive of interest and costs" evidently applies to each of the jurisdictional facts, to wit, "the judgment," "the amount in controversy," and "the judgment rendered." We think it clear that the amount in controversy, exclusive of interest and costs, was $92.20, because the judgment sued on was for the principal sum of $92.20, and by its terms drew interest at the rate of 6 per cent. per annum, and the sum of $18.60 was recovered as interest eo nomine. Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031. Was the judgment rendered in this case, exclusive of interest and costs, in excess of $100? It would not be unless we construe the term "interest" as meaning only the interest that the judgment itself should bear after its rendition, and not interest included eo nomine in the judgment itself. The intention of the lawmakers seems to have been to exclude the consideration of interest eo nomine in determining the jurisdiction of the court, and this exclusion, we think, should apply whether it is interest which the judgment itself bears or interest already accrued and included in the principal of the judgment. This seems to have been the holding in the case of Ft. Worth State Bank v. Little, 168 S. W. 55, and the inference to be drawn from the case of Kelley v. Audra Lodge, etc., 176 S. W. 784.

We have examined the cases referred to by appellant, and do not consider them inconsistent with our conclusion. They are all cases from other states. In some of them the suits were to recover on a former judgment, including the costs of the former suit, and it was held that the costs which are excluded in determining the jurisdiction were costs of the suit at bar, and not those incurred in some other suit, and which were sought to be collected in the suit at bar. The plaintiff in this case did not seek to recover the costs incurred in the former suit. Some of the decisions referred to by appellant where interest was taken into consideration in determining the amount in controversy, are based on statutory provisions which do not appear to contain the provision of our statute excluding interest in determining the jurisdiction.

We are of the opinion that we are without jurisdiction, and the appeal should be dismissed.

### On Motion for Rehearing.

We think we were correct in the holding that the interest recoverable on a judgment is properly denominated "interest" as that term is used in our statutes fixing jurisdiction of the courts. A consideration of the cases of Baker v. Smelser, 88 Tex. 26, 29 S. W. 378, 33 L. R. A. 163, and Schulz v. Tessman, 92 Tex. 488, 49 S. W. 1031, in connection with the provisions of title 72, Interest, of our Revised Statutes, shows that the word "interest," as it is used in the statutes on jurisdiction, does not necessarily refer to contractual interest, as contended by appellee. In the case of Baker v. Smelser, supra, it is said:

"When the statute does not expressly provide for the recovery of the interest, it is allowed not eo nomine, that is, not as interest, but merely as damages. It would probably be more correct to say that rate of interest is resorted to, in order to measure the damages accruing from the loss of the use of the money, as in the case of conversion of money, so in the case of the conversion of goods, and in many others in which the statute does not expressly create a legal liability for interest. * * * Recurring, then, to the provision of the Constitution now under consideration, we are of the opinion that it was intended to apply to cases in which interest is expressly given by statute, and not to those in which the rate of interest is merely taken as a standard by which to measure in part the damages to be recovered."

Referring to the title "Interest," the same being title 72 of the Revised Statutes, we find that the first article of this title defines interest as:

"The compensation allowed by law or fixed by the parties to a contract for the use or forbearance or detention of money."

Subsequent articles of the title provide for the rate of interest on written contracts ascertaining the sum payable when not specified by the contract, upon accounts, etc., and article 4981 expressly provides that the judgments of the several courts of this state shall bear interest at the rate of 6 per cent. per annum, etc. The interest accruing on such a judgment is as clearly interest as that accruing on the written contract or open account, as provided by other articles of this title of the statute.

The motion for rehearing is overruled.

HUFF, C. J., not sitting, being absent in Austin with committee of judges passing on applications for writs of error.