## BURKS v. NEUTZLER. (No. 784—4776.)

Commission of Appeals of Texas, Section A. Feb. 15, 1928.

**1. Contracts ⚖=313(2)—Party to contract is justified in treating contract as abandoned, where other party by conduct or misconduct shows fixed intention to abandon.**

Where one party to contract by conduct or misconduct shows fixed intention to abandon it, other party is justified in treating it as abandoned.

**2. Exchange of property ⚖=4—Contract providing 30 days in which to remedy defect in title held to mean 30 days in which to remedy defect found after examination.**

Contract for exchange of land providing that party found with defective title shall immediately remedy such defect, and to provide for remedying such defect should any be found, a period of 30 days' time is hereby granted as the maximum time to be allowed for perfection of such title, this period being regarded as the essence of the contract, *held* to mean that 30 days was period in which to remedy defect found after examination of abstract.

**3. Exchange of property ⚖=6—In suit for liquidated damages contract providing 30 days for perfecting title held breached by representation of defendant's attorney that it was useless to continue.**

In suit for liquidated damages for breach of contract for exchange of land entered into on 21st day of September, providing that if after examination of abstracts there appeared any material objection that 30 days was granted in which to perfect title, and on October 10 plaintiff presented abstract, and on October 13 it was returned with objection of defendant's attorney, and on November 9 amended abstract was presented and attorney said that there was no use of going to further trouble because contract had expired, *held* that this constituted breach relieving plaintiff from further obligation to proceed, and entitling him to recover damages.

Error to Court of Civil Appeals of Tenth Supreme Judicial District.

Suit by R. P. Burks against A. J. Neutzler. Judgment for defendant. From a judgment of the Court of Civil Appeals (289 S. W. 436) affirming judgment for defendant, plaintiff brings error. Reversed, and rendered for plaintiff.

McClellan & Cross, of Gatesville, for plaintiff in error.

Brown & Brown and S. J. Mings, all of Gatesville, for defendant in error.

CRITZ, J. R. P. Burks, plaintiff in error in this court, was the plaintiff in the district court, and appellant in the Court of Civil Appeals, and will be designated in this opinion as plaintiff. A. J. Neutzler, the defendant in error in this court, was the defendant in the district court, and appellee in the Court of Civil Appeals, and will be designated in this opinion as defendant.

This suit was originally instituted in the district court of Coryell county, Tex., by the plaintiff, against the defendant, and is based on a cause of action growing out of an alleged breach of a written contract between plaintiff and defendant for the exchange of lands. The case was tried in the district court before a jury on special issues, which issues and the answers of the jury thereto are as follows:

"Special Issue No. 1. Do you find from a preponderance of the evidence that the defendant through his attorneys at any time during the negotiations with Paul Carruth, the agent of plaintiff, waived such objections as he had to the title to the Castro county lands, other than such objections as had been cured by the said Carruth? Answer: No."

"Special Issue No. 2. Do you find from a preponderance of the evidence that the defendant's attorney, Robert W. Brown, on or about the 9th day of November, A. D. 1925, said in substance and effect to Paul Carruth that there was no use of his going to further trouble and expense in trying to perfect the title because the time limit in the contract had expired, and that the defendant A. J. Neutzler, would not carry out the contract? Answer: Yes."

"Special Issue No. 3. Do you find from a preponderance of the evidence that the defendant's attorney, Robert W. Brown, on or about the 10th day of November, A. D. 1925, stated to S. R. Carruth or J. R. McClellan in substance and effect that there was no use of their further trying to perfect the title to the Castro county lands for the reason that he, Brown, construed the time limit stated in the contract for the perfection of the title had expired and he so advised the defendant? Answer: Yes."

On the answers of the jury to the above special issues, the district court entered judgment for the defendant. The case was appealed by the plaintiff to the Court of Civil Appeals for the Tenth District at Waco, and that court affirmed the judgment of the district court. 289 S. W. 436. The case is now before this court on writ of error granted on application of plaintiff, Burks.

The decision of this cause involves a construction of the above-mentioned contract, which is as follows:

"State of Texas, County of Coryell:

"Know all men by these presents that we, R. P. Burks of Ellis county, and A. J. Neutzler of Coryell county, on this the 21st day of September, 1925, contract and agree as follows:

"That I, A. J. Neutzler, for and in consideration of the covenants hereinafter set out agree to convey or cause to be conveyed to the said R. P. Burks, according to the terms and conditions hereinafter set out, the following described real estate located some nine miles west from the town of Gatesville, Coryell county, and being two hundred forty-eight acres of land now being occupied by myself and family

as a home. The above lands to be conveyed by myself and wife free from all incumbrance save and except a lien of six thousand and no/100 dollars to be retained by me until placed with loan company and I receive the proceeds.

"That for and in consideration of the above agreement on the part of the said A. J. Neutzler, I, R. P. Burks, hereby agree and bind myself to convey or cause to be conveyed to the said A. J. Neutzler by warranty deed, the following described real estate. Being sections 149 and 151 in Castro county, Texas, being situated some 15 miles from Dimmitt, the county seat of said county and near Blue Ridge school.

"That as a second part of the consideration of the above agreement to transfer by said Burks, I, A. J. Neutzler, agree and bind myself to assume the following indebtedness which now exists against the above two sections of land, viz.: On section No. 151, three notes in the principal sum of twenty seven hundred thirty-one dollars and 70 cents each together with all accrued interest since November 1st, 1924. Said notes becoming due & payable on or before Nov. 1st, 1925, 26, and 27 respectively. And bearing interest from the date of Nov. 1st, 1924, at the rate of 7 per cent. per annum. Also six notes in the principal sum of five hundred dollars each together with accrued interest since March 1st, 1925, said notes becoming due & payable March 1st, 1926, 27, 28, 29, 30 and 31 respectively, on or before. On section No. 149, three notes in the principal sum of twenty-six hundred ninety-six and 35/100 dollars together with all accrued interest since November 1st, 1924; said notes becoming due &' payable November 1st, 1925, 26, and 27 respectively, on or before. Also six notes in the principal sum of five hundred and no/100 dollars each together with all accrued interest since March 1st this year. Said notes becoming due & payable March 1st, 1926, 27, 28, 29, 30 & 31, on or before. That I, the said A. J. Neutzler agree to assume the aforesaid indebtedness as above set out.

"That each contracting party agrees to stamp, as required by law, the deed tendered him in fulfillment of this contract.

"That all taxes prior to 1925 shall be paid in full by each of the contracting parties on the lands herein contracted to be conveyed by each of them. That the taxes for the year 1925 shall be paid on the respective properties being conveyed, by the parties to whom it is conveyed, viz. that I, A. J. Neutzler agree to pay the current tax on the above named two sections and that I, R. P. Burks, agree to pay the tax for current year on the above described 248 acres.

"Each party herein contracting agrees to furnish full & complete abstract of title to property which he agrees to convey without delay.

"If, after examination of said abstracts, there shall appear any material objection to same, then each of us agree that the party found with defective title shall immediately remedy such defect, and to provide for the remedying of such defect, should any be found, a period of 30 days time is hereby granted as the maximum of time to be allowed for the perfection of such title. This period of time being recognized by us, the contracting parties, as the essence of this contract.

"As an evidence of good faith in the execu-
2 S.W.(2d)—27

tion of this contract we, the said R. P. Burks and A. J. Neutzler, hereby agree and promise that if either of us fail in the consummation of and completion according to its terms of this contract that the party defaulting in fulfilling his agreement hereinabove stated promises to pay in cash to the party not in default the sum of one thousand dollars as damages liquidated in full. Said one thousand dollars to be payable on demand of the party not in default or the failure of either contracting party to fulfill his above contract according to time & terms.

"Witness our hands at Coryell county, Texas, this the 21st day of Sept., A. D. 1925, A. J. Neutzler, R. P. Burks, by Paul Carruth, Agent and Attorney in Fact."

The above contract was entered into on the 21st day of September, 1925. The plaintiff presented his abstract of title to the defendant for examination on October 10, 1925, and on October 13, 1925, it was returned with the written objections of defendant's attorney. On November 9, 1925, plaintiff's amended abstract of title was presented by the plaintiff's agent, but on that day, as shown by the evidence and established by the verdict of the jury, the plaintiff's said agent was informed by the attorney for the defendant, the defendant being present, in substance, "that there was no use of his going to further trouble and expense in trying to perfect the title, because the time limit in the contract had expired, and that the defendant, A. J. Neutzler, would not carry out the contract." On the next day, November 10, 1925, it was shown that the plaintiff presented to the defendant in person deeds to his lands with a certified check for $6,000, demanding that the defendant and his wife execute and deliver to him, plaintiff, a deed to the 248 acres of land mentioned in the contract. This demand was refused, but no reason given. The evidence in the record and the verdict of the jury establish the fact that on the same day, November 10, 1925, the defendant's attorney again stated to the plaintiff's agent or attorney, in substance and effect, "that there was no use of their further trying to perfect the title to the Castro county land, for the reason that he (Brown) construed the time limit stated in the contract for the perfection of the title had expired, and he so advised the defendant." After the happening of these events, this suit was filed on the 12th day of November, 1925, with the result stated.

It is the contention of the plaintiff that, under the terms of the contract, he had 30 days from October 13, 1925, to perfect the title to his land, and, having been notified on the 9th day of November, 1925, that it would be useless for him to go to further trouble and expense in trying to perfect his title, because the defendant would not carry out the contract, that he was justified in not trying to do so, and he further contends that the defendant, as shown by the facts established by the verdict of the jury, breached

his contract on November 9, 1925. On the other hand, the defendant contends that under the terms of the contract the plaintiff obligated himself to furnish an abstract of title free from material defects within 30 days from the date of the contract, and, having failed to do so, the plaintiff has failed to comply with the contract and is not entitled to recover.

[1, 2] The final decision of this case must turn on the issue as to when the contract expired. If the plaintiff had 30 days from October 13, 1925, the date he was furnished the opinion pointing out the alleged objections to his title, then the evidence and the verdict establish the fact that the defendant breached the contract before the time limit had expired, and plaintiff would be entitled to a judgment for the $1,000 liquidated damages provided for in the contract. Where one party to a contract, by his conduct or misconduct, shows a fixed intention to abandon it, the other party is justified in treating it as abandoned. Kilgore et al. v. Northwest Texas Baptist Educational Soc. (Tex. Civ. App.) 37 S. W. 473. If on the other hand, the defendant is correct in his construction of the contract that the time limit provided for therein had expired, then no damages would be due to be paid by him. After a careful reading of the contract, we have reached the conclusion that the plaintiff had 30 days from October 13, 1925, in which to perfect his title, and the verdict of the jury having established the fact that he breached his contract on October 9, 1925, before this 30 days had expired, that the plaintiff is entitled to recover. In this connection we wish to call especial attention to the following provision of said contract:

"If, after examination of said abstracts there shall appear any material objection to the same, then each of us agrees that the party found with defective title shall immediately remedy such defect, and to provide for the remedy of such defect, should any be found, a period of 30 days' time is hereby granted as the maximum of time to be allowed for the perfection of such title. This period of time being recognized by us, the contracting parties, as the essence of this contract.

It is evident from the very plain words of the contract that it grants 30 days in which to remedy such defect as may be found therein after an examination of the abstract, and the contract plainly and expressly provides, "this period of time being recognized by us, the contracting parties, as the essence of this contract." Essence is defined in Webster's New International Dictionary as "that by which a thing is what it is," and Corpus Juris defines the word "essence" as "that which constitutes the particular nature of a being or substance, and distinguishes it from all others, that without which a thing cannot be itself"; and the Century Dictionary and Cyclo-

pedia defines essence as "the essence is rather the idea of a thing, the law of its being, that which makes it the kind of a thing that it is, that which is expressed in its definition."

It is contended by the defendant that it is the duty of the court to look to the entire contract to ascertain the intent and purpose of the contracting parties, and that a reading of the entire contract will show that it was intended to allow 30 days from its date in which to perfect title; and this mainly because any other construction would carry the consummation beyond the maturity of part of the notes assumed by the defendant, it being shown that certain notes assumed matured on November 1, 1925, and that the holders had the right to mature all of the notes assumed on default in payment of those maturing November 1. It might be that if the pleadings and evidence showed that the holder of these notes had exercised or was about to exercise his option to mature them, or to add attorney's fees thereto, and thus render the 30 days allowed by the plain provisions of the contract unjust and impossible of being carried out, that equity would relieve the situation, but no such conditions are shown. The defendant signed a contract that allowed by implication a reasonable time in which to furnish the abstract. He received the abstract without objection on October 10, 1925, and had his attorney to pass on it and render an opinion thereon, and delivered the opinion to the agent of the defendant on October 13, 1925, when he well knew that he had signed a contract giving plaintiff 30 days from the delivery of the objections to perfect his title. He then must have known that such 30 days would extend the time beyond November 1. He had, by the express terms of the contract, made the time allowance of 30 days the essence of the contract. In other words, he had made this 30 days' time allowance the thing by which the contract is what it is—that which constitutes its particular nature or substance and distinguishes it from all other provisions of the contract. He had made this provision of the contract the law of its being, the idea of the contract, that which makes it the kind of a contract that it is, and that which is expressed in its definition.

[3] We therefore conclude that the defendant having breached his contract, as found by the verdict of the jury, well supported by the evidence, on the 9th day of October, 1925, there was no obligation on the part of the plaintiff to proceed further to meet the objection found to his title, and that under such circumstances and the verdict of the jury the plaintiff was entitled to recover his damages which were liquidated by agreement in the contract.

We therefore recommend that the judgment of the Court of Civil Appeals and of the district court be reversed, and that judg-

ment be here rendered for the plaintiff against the defendant for the $1,000 liquidated damages provided for in the contract, together with interest at the rate of 6 per cent. per annum from November 9, 1925.

GREENWOOD and PIERSON, JJ. Judgments of the district court and Court of Civil Appeals are both reversed, and judgment rendered for plaintiff in error, as recommended by the Commission of Appeals.