**COLLINS et al. v. MARTIN et al.**
(No. 11949.)

Court of Civil Appeals of Texas. Fort Worth.
March 31, 1928.

Rehearing Denied May 5, 1928.

1. **Appeal and error** ⊜⇒380—**Surety on appeal bond from justice court held not disqualified as surety on appeal from county court (Vernon's Sayles' Ann. Civ. St. 1914, art. 2097).**

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 2097, requiring appeal bond to be signed by at least two good and sufficient sureties, surety on appeal bond of defendants appealing from justice court *held* not disqualified as surety on defendants' appeal from judgment of county court affirming justice court judgment.

2. **Appeal and error** ⊜⇒65—**Judgment of county court on appeal from justice court in purchasers' action for $100 deposit held not appealable; only damages recoverable being interest (Rev. St. 1925, arts. 1819, 5069).**

Under Rev. St. 1925, art. 1819, giving Court of Civil Appeals jurisdiction in cases of which county court has appellate jurisdiction when judgment or amount in controversy exceed $100, exclusive of interest and costs, and article 5069, defining interest as compensation for use or detention of money, judgment of county court on appeal from judgment of justice court in purchasers' action to recover $100 deposit on purchase price of realty and damages *held* not appealable to Court of Civil Appeals; no damages being recoverable other than interest as such, and not as damages, notwithstanding prayer for $10 attorney's fees which was abandoned in both lower courts.

3. **Vendor and purchaser** ⊜⇒334(5)—**Vendor's refusal to correct objections to title held to entitle purchaser to recover earnest money under contract requiring "good title."**

Where written contract required vendor to furnish an abstract showing "good title" and execution of warranty deed, vendor's refusal to correct objections to title, some of which were fatal thereto, *held* to entitle purchasers to re-

cover earnest money; "good title" meaning a title free from litigation, palpable defects and grave doubts (citing Words and Phrases, "Good Title").

On Motion for Rehearing.

4. **Pleading** ⊜⇒72—**Prayer cannot enlarge cause of action.**

Plaintiff's prayer cannot enlarge cause of action pleaded.

5. **Vendor and purchaser** ⊜⇒130(7)—**Under contract for good title, purchasers held not required to accept title based on affidavits showing title by limitation.**

Where contract required vendor to furnish an abstract showing good title, purchasers were not required to accept title based on affidavits tending to show title by limitation.

Appeal from Tarrant County Court; David McGee, Judge.

Action by Mrs. E. F. Martin and husband against H. L. Collins and others. Judgment for plaintiffs in the justice court was affirmed in the county court, and defendants appeal. On plaintiffs' motion to dismiss appeal. Motion sustained.

Houtchens & Clark, of Fort Worth, for appellants.

F. M. Bransford, of Fort Worth, for appellees.

CONNER, C. J. This suit was originally instituted in the justice court of precinct No. 1, Tarrant county on the 23d day of September, 1925, by Mrs. E. F. Martin and husband against Mrs. M. L. Witten and H. C. Collins, to recover the sum of $100. There were no written pleadings in the justice court, but from the transcript of the proceedings of that court, including the citation, we learn that the plaintiffs alleged substantially that at a date named the defendant Mrs. Witten had contracted to sell, and the plaintiffs to buy, a parcel of land situated in Tarrant county; that by the terms of the contract the defendant Witten was to furnish an abstract showing good title, 30 days being allowed to cure defects that might be found; that as an earnest of good faith upon the part of the plaintiffs for the enforcement of the contract, they had deposited the sum of $100 with the defendant Collins, defendant's agent; that the defendants failed and refused to furnish an abstract showing good title, and, after demand from both, they and each of them had refused to return the earnest money.

The trial in the justice court resulted in a verdict in favor of plaintiffs for $100, with 6 per cent. per annum interest thereon from the date of the judgment, to wit, February 25, 1926. The defendants appealed to the county court, in which it substantially appears that by oral pleadings the same issues were presented as in the justice court. Upon

---

⊜⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

the conclusion of the evidence the county court peremptorily instructed the jury to find for plaintiffs in the sum of $100, with 6 per cent. per annum interest thereon from September 25, 1925. The jury so returned their verdict and the judgment was rendered for the plaintiffs in accordance with the verdict, from which judgment the defendants have duly prosecuted this appeal.

Appellees have presented a motion to dismiss the appeal on two grounds: (1) On the ground that appellants' appeal bond is signed by only one lawful surety; and (2) on the ground that but $100, exclusive of interest and costs, was adjudged, and that hence this court is without jurisdiction.

[1] It appears that on the appeal bond, approved by the clerk of the county court, is the name of B. B. Loughry. His only connection with the case appears to be that he was also a surety on the appeal bond of defendants from the justice court, appellants [appellees] cite article 2097, Vernon's Sayles' Texas Civil Statutes, and Daniels v. Larendon, 49 Tex. 216, as sustaining their contention that Loughry is not a qualified surety, and hence that the appeal bond is insufficient. The statute referred to provides that the required bond of the principals shall be signed by at least two good and sufficient sureties. The case in 49 Texas was one in which an injunction had been dissolved, bill dismissed, and costs adjudged against the plaintiff and sureties on his injunction bond. It was held that such sureties could not become sureties on the appeal bond of their principal. In principle, however, it would seem that the following cases lead to a different conclusion, to wit: Long v. Kruger, 4 Tex. Civ. App. 145, 23 S. W. 242; McClelland v. Barnard, 36 Tex. Civ. App. 3, 80 S. W. 841—both by the Court of Civil Appeals for the Third District, citing a number of cases, among which we find the case of Trammell v. Trammell, 75 Tex. [15 Tex.] 291, 292, and Sampson v. Solinsky, 75 Tex. 663, 13 S. W. 67, both by our Supreme Court.

In the case of Long v. Kruger, it was held that a surety against whom a judgment had been rendered for damages and costs was not disqualified as a surety on the bond given on appeal from the judgment. The surety on the appeal bond in the case of McClelland v. Barnard was the surety on claimant's bond against whom judgment had been rendered. The surety on the appeal bond in the case of Trammell v. Trammell was upon a replevy bond. The surety whose qualification was questioned in the case of Sampson v. Solinsky had become a surety on the cost bond. The judgment in each of the cases was against the principal and surety objected to. We think we may safely follow the cases last referred to and overrule the objection to the qualification of the surety Loughry, without requiring of appellants a new bond, as, under

the statutes, we are authorized to do to perfect our jurisdiction.

[2] We are of the opinion, however, that we must sustain the objection that the judgment of the county court does not exceed $100, and hence not within the jurisdiction of this court. Our appellate jurisdiction is limited to civil cases, of which the county court has appellate jurisdiction, "when the amount in controversy or the judgment rendered shall exceed one hundred dollars, exclusive of interest and costs." See Rev. Civ. Statutes of 1925, art. 1819. It is true that, if to the judgment of the county court for $100 there be added the interest and costs also adjudged, the amount would be within our jurisdiction, and it is also true that in certain cases interest is recoverable as damages. See Close v. Fields, 13 Tex. 623; Walkins [Watkins] v. Junker, 90 Tex. 584, 40 S. W. 11; Schultz v. Tessman & Bro., 92 Tex. 488, 49 S. W. 1031. It is upon such cases that appellee relies in resisting appellants' motion to dismiss the appeal. So far as developed by the record, however, no element of damage whatever was alleged by the plaintiffs, other than the mere "detention" of the $100 in controversy in the suit, and there was no cross-action on the part of defendants claiming any sum. Article 5069, Rev. Statutes of 1925, defines the term "interest," in so far as it is necessary to consider in the determination of the question before us, as:

"The compensation allowed by law or fixed by the parties to a contract for the use or for-bearance or detention of money."

Interest coming within the purview of this definition is termed in the decisions as interest eo nomine and it is uniformly held that interest of this character is to be excluded in determining amounts necessary for an exercise of our jurisdiction.

In the case of Fort Worth State Bank v. Little, 168 S. W. 55, the plaintiff in the suit alleged a previous deposit of several hundred dollars in the defendant bank, which, it was conceded, had been all repaid except $100, to recover which the suit had been instituted. The bank suffered an adverse judgment and appealed to the county court, where judgment was again rendered in favor of the appellee, and the appeal was prosecuted to this court. We there said:

"Whether the plaintiff's pleading be construed as declaring upon a breach of an express contract of gratuitous bailment, as appellant insists, or as presenting an action of debt for money had and received and not returned, as appellee urges, is immaterial. The action in either case was essentially one for the recovery of $100 and no more. True, the petition closes with the prayer for the recovery of $100 and damages in the sum of $25; but no fact authorizing the recovery of damages other than the mere detention of the money was stated. For this interest alone is recoverable, and the

prayer cannot be held to enlarge the real amount in controversy."

We held that our jurisdiction did not attach and the appeal was dismissed.

Of like effect, we think, is the case of Midland Casualty Co. v. Arnott, 199 S. W. 890, by the Amarillo Court of Civil Appeals.

The case of Federal Life Ins. Co. v. Kriton, 112 Tex. 532, 249 S. W. 193, by section A of our Commission of Appeals, was one in which the plaintiff sued in a justice court upon a disability policy in which the prayer was for "judgment for $100, with costs of suit, and such other and further relief in law and equity as he may be justly entitled to." The plaintiff recovered judgment for $100, with interest at 6 per cent. from the date of the trial in the justice court, and on appeal to the county court judgment was rendered in plaintiff's favor for $100, with 6 per cent. interest from the date of the trial in the justice court. Judge German, who wrote the opinion, cited the article of the statute conferring appellate jurisdiction on courts of civil appeals, and said:

"The 'interest' meant by the foregoing provision is interest expressly given by statute, frequently designated as interest eo nomine, and not interest sometimes allowed as part of the damages or by way of indemnification. Baker v. Smelser, 88 Tex. 28, 29 S. W. 377, 33 L. R. A. 163. To state the question concisely: If the interest allowed in the present case is interest eo nomine, the Court of Civil Appeals has no jurisdiction of the case."

The court further cited the article of the statutes defining interest, and, after an interesting discussion and citation of numerous cases, concluded that:

"When the full sum payable under the policy was definitely ascertained, by the trial in the justice court, or in the county court, * * * as long as the same remained unpaid there was a 'detention of money,' and the statute attached to the obligation the condition that it should bear the legal rate of interest. The company had the right to contest the question of ultimate liability, but such contest did not change the nature of the obligation. It might have defeated all liability, but if it did not, then there is additional equity in the requirement of the statute that interest shall be allowed on the amount payable. The interest allowed by the judgment was an integral part of the principal obligation by reason of the statute, and was not damages."

We think, in harmony with these latter decisions from which we have quoted, that the interest and costs adjudged below must be excluded in determining the question of our jurisdiction, and hence that we should hold that appellees' motion to dismiss the appeal on this ground must be sustained and the appeal dismissed.

[3] We venture to add that with the desire to feel assured that appellants be not deprived of the benefits of their appeal because of any misapprehension on our part of the state of the decisions to which we have referred, we examined the record in this case upon its merits and feel no hesitation in saying that had we been called upon to do so we could only have affirmed the judgment below. The contract between the parties was in writing and provided that the vendor, Mrs. Witten, was to furnish an abstract showing good title brought down to date and execute a warranty deed to the land in question. In Black's Law Dictionary, in note on page 544, under the heading "Good Title," it is said that:

"This means such a title as a court of chancery would adopt as a sufficient ground for compelling specific performance, and such title as would be a good answer to an action of ejectment by any claimant"—citing a number of cases in support of the statement quoted.

In 4 Words and Phrases, First Series, page 3127, it is said:

" 'Good Title' means a title free from litigation, palpable defects, and grave doubts. It should consist of both legal and equitable titles, fairly deducible of record. Reynolds v. Borel, 86 Cal. 538, 25 P. 67, 69 (citing Turner v. McDonald, 76 Cal. 179, 18 P. 262 [9 Am. St. Rep. 189])."

The abstract was furnished and submitted to the attorney of Mrs. Martin, a lawyer in good standing whose judgment we approve, for his examination. He found a number of objections, at least three of which were pronounced fatal to the title, in the absence of correction. One of the objections was to the description of the land in one or more deeds in Mrs. Witten's chain of title; the description being as follows:

"A certain tract or parcel of land lying in Tarrant county, Texas, consisting of about 26⅔ acres about a half mile south of Kennedale, and being the same land heired by the same James Gertrude Brashears from the estate of her father, Monroe Scott."

Another objection was a defective acknowledgment of a married woman taken by an officer in Oklahoma. These and other objections appellants failed or refused to correct, although appellees extended the time specified in the written contract 30 days in order that the corrections might be made, if possible, thus entitling appellees to the recovery of the earnest money. See Burks v. Neutzler (Tex. Com. App.) 2 S.W.(2d) 416.

For the reasons stated, we conclude that appellees' motion to dismiss the appeal must be sustained, and it is so ordered.

## On Motion for Rehearing.

Counsel for appellants in the kindest terms, for which we thank them, call our attention to several minor inaccuracies in our original opinion that were overlooked in its final reading. Specifically stated, line 20 from the top of page 2 of the opinion reads that "ap-

pellants" cite article 2097, Vernon's Sayles' Ann. Civ. St. 1914, and Daniels v. Larendon, 49 Tex. 216, as sustaining the contention that Loughry was not a qualified surety, etc. It should read that "appellees" cite, etc. The case of Trammell v. Trammell is referred to on line 2, page 3, of the opinion as in 75 Texas. It should be in 15 Texas. The "l" in the name Walkins, line 2, page 4, should be "t," so as to read Watkins v. Junker, 90 Tex. 584, 40 S. W. 11, etc. While the inaccuracies complained of are not thought to be material in the disposition of the question discussed, the original opinion will be corrected as indicated.

As supporting a vigorous contention that we were in error in holding that the "interest" to which appellees were entitled must be considered as "damages" and not as "interest eo nomine," appellants cite and stress the cases of Railway Co. v. Perkins (Tex. Civ. App.) 184 S. W. 725; Moser v. Tucker (Tex. Civ. App.) 195 S. W. 259; and McNeill v. Casey (Tex. Civ. App.) 135 S. W. 1130. While the cases referred to seem to sustain appellant's contention, a contrary effect, we think, must be given to the decision of this court in Bank v. Little, 168 S. W. 55, and to the case of Insurance Co. v. Kriton, 112 Tex. 532, 249 S. W. 193, by section A of our Commission of Appeals, both of which are cited in our original opinion. In the opinion by the Commission, written by Judge German, various decisions of our Courts of Civil Appeals are cited and discussed, among them being Moser v. Tucker and McNeill v. Casey, supra, so strongly urged in behalf of appellants, and the conclusion reached was, as we think, in harmony with our original opinion, relating to the same subject. The contract in the present case is, we think, one "ascertaining the sum payable" when construed in the light of Judge German's opinion, and hence the "interest" to which appellees were entitled is that which the statute provides for, and not recoverable as "damages" in the sense of such cases as Baker v. Smelzer, 88 Tex. 28, 29 S. W. 377, 33 L. R. A. 163.

[4] It is urged that appellees, in the justice court, pleaded for a recovery in excess of $100. Appellee's prayer was for the recovery of the $100 in controversy and for interest and attorney's fees in the sum of $10. But no fact is alleged in the pleading that shows a right to attorney's fees or to damages as distinguished from legal interest, and the prayer cannot enlarge the cause of action. Wilks v. Kreis, 63 Tex. Civ. App. 527, 134 S. W. 838, and cases therein cited. Furthermore, the prayer for attorney's fees seems to have been abandoned in both the justice and county courts, neither testimony nor action relating to the subject appearing in the proceedings of either court. The real amount in controversy, therefore, was $100. This

amount was, in the language of Judge German, "definitely ascertained" in both courts below, and as long as the same remained unpaid there was a "detention of money," and the statute attached to the obligation the condition that it should bear the legal rate of interest. The opinion in the case of Insurance Co. v. Kriton, supra, seems to have been written with a view of settling the question presented in the conflicting views of. Courts of Civil Appeals, was approved by the Supreme Court, and must be followed.

[5] What was said in our original opinion relating to the merits was mere obiter and not intended to form the bases of our conclusion to dismiss the appeal, yet, in deference to appellants' extended discussion and contention that the evidence shows that appellants' title was in fact good, we will add that the contract of Mrs. Martin was to furnish an "abstract showing a good title." Appellees, therefore, were not required to accept title based on affidavits tending to show title by limitation, waivers of unquestioned defects appearing on the face of the abstract. See authorities cited in our original opinion.

We conclude that the motion for rehearing should be overruled.