## FIDELITY & DEPOSIT CO. OF MARYLAND v. QUAID et al.
### No. 3382.

Court of Civil Appeals of Texas. El Paso.
Nov. 21, 1935.

Harrison, Scott & Rasberry, of El Paso, for appellant.

M. Scarborough, of El Paso, for appellees.

PELPHREY, Chief Justice.

This suit originated in justice of the peace court, precinct No. 1, El Paso county. Appellees there sued appellant, and the nature of their demand as it appears from the citation issued out of that court was: "The Defendant is indebted to the Plaintiffs in the sum of One Hundred Dollars ($100.00) which was due and payable on April 1st, 1935, and the said Defendant has failed and refused to pay said debt or any part thereof, to the damage of the plaintiffs in the sum of One Hundred Dollars ($100.00) with interest thereon from April 1st, 1935, at the rate of six per cent per annum, together with cost of suit. Said debt being one-half of the Two Hundred ($200.00) on deposit with the defendant at Phoenix, Arizona, by the Southwestern Produce Distributors, Inc., one-half of which deposit was the property of plaintiffs and payable to the plaintiffs."

From a judgment in favor of appellant in the justice's court, appellees perfected an appeal, and their cause of action in the county court at law, as shown by the transcript here, was: "Mr. Quaid: This was tried in the Justice Court and we filed an amended verbal pleading down there. This was a suit of Judge Rawlins and myself against the Fidelity & Deposit Co. of Maryland, a corporation, and we set up that the defendant is indebted to the plaintiffs in the sum of $100.00, which was due and payable April 1st, 1935, said defendant having failed and refused to pay said debt or any part thereof, to the damage of the plaintiffs in the sum of $100.00, together with interest thereon at the rate of 6 per cent per annum, said debt being one-half of $200.00 on deposit with defendant at Phoenix, Arizona, by the Southwest Produce Distributors, one-half of said deposit was the property of plaintiffs, and payable to the plaintiffs. We also, in order to keep the record straight, want to add by way of amendment, that the evidence of deposit was sent to the defendant, who was informed of the interest of the plaintiffs, and that they converted and appropriated the certificate to their use and benefit, to the damage of the plaintiffs in the sum of $100.00. That the Southwest Produce Distributors, Inc. are insolvent, and that the plaintiffs look to the defendant company for the payment of the $100.00, and the failure to pay the $100.00 is the damage to the plaintiffs in the sum of $100.00, and that having received the certificate of deposit from the plaintiffs with instructions, that it was the duty of the defendant company to have dealt with the certificate according to the instructions given, and that they failed to do that, and that they are estopped now from setting up a different course of conduct. That after receipt of the certificate, they acknowledged the receipt of the certificate, and that they did not return the certificate, but kept the certificate and acted on it contrary to the instructions given you, and they are now estopped from setting up that they do not owe us the one-half of the certificate, or say $100.00. We have been damaged in that amount. Plaintiffs pray for judgment of $100.00 with interest thereon at the rate of 6% per annum from April 1st, 1935, and for general and equitable relief."

From a judgment that appellees recover the sum of $100, costs of suit and interest from the date of the judgment, this appeal has been prosecuted.

This motion to dismiss is based upon the assertion that the amount in controversy is less than the jurisdictional amount provided by article 1819, R.S. (as amended by Acts 1929, c. 33, § 1 (Vernon's Ann.Civ.St. art. 1819).

■ The correctness of this assertion depends upon whether or not the interest sought to be recovered is interest eo nomine, or is sought to be recovered as damages for the detention of money. If it be interest eo nomine, then it should not be included in the amount sought and the motion should be sustained. If, however, it be damages, then this court has jurisdiction.

Appellees cite us to a number of decisions where the interest was declared to be interest eo nomine because the suit was based upon a written contract ascertaining the sum payable and no rate of interest had been agreed upon by the parties. Those decisions, however, are based upon the provisions of article 5070, R.S., where the rate of interest is fixed upon such contracts only in cases where there has been no agreement as to interest, and cannot apply to the facts we have before us. In the agreement between appellant and Southwest Produce Distributors, Inc., it is provided that no interest shall be paid on the deposit.

Appellees cite us to Ft. Worth State Bank v. Little (Tex.Civ.App.) 168 S.W. 55, as authority for holding that interest is statutory interest when it is due for the detention of money. We agree that the case is in point, but we do not concur in the holding. In Commercial & Agricultural Bank v. Jones, 18 Tex. 811, it was held that the interest recoverable for the conversion of money deposited in the bank was damages. In Clark v. Bradley, 270 S.W. 1050, the Fort Worth Court of Civil Appeals, the same court that rendered the decision in Ft. Worth State Bank v. Little, held that, in a suit to recover $100 paid by mutual mistake, any interest recovered should be included in the amount in controversy.

We can see no distinction between the two latter cases and the case at bar, and must hold that the interest here sought to be recovered was as damages and, therefore, should be considered in determining the amount in controversy.

The motion is overruled.